BRITTON & MAYSON ET AL. *v.* JANE H. CRISWELL, AND W. R. SPENCER *v.* JANE H. CRISWELL ET AL.

1. MORTGAGE.   *Reservation of rights to mortgagor.   When fraudulent.*
   In a mortgage covering a stock of goods and merchandise, the reservation to the mortgagor of the right to deal with the property mortgaged as his own must be so expressly made that evidence to the contrary would be excluded as contradicting the writing, to warrant a court in declaring the mortgage fraudulent on its face because of such reservation.

2. SAME.   *Understanding as to the use of goods and application of payments.   Evidence aliunde of fraud.*
   Though not appearing on the face of such mortgage, if it be unmistakably shown by evidence *aliunde* that there was an understanding between the mortgagor and mortgagee that the former should, after the execution of the mortgage, or before, continue to deal with the mortgaged property virtually as his own, and that the latter might apply any payments, whether realized

from the sale of the mortgaged goods or otherwise, to any debt he might hold against the mortgagor, then the court may declare the mortgage fraudulent and void.

3. SAME. *Annual renewals. Continuous lien.*
   Where there are annual renewals of a mortgage, with no intention on the part of the mortgagee to surrender his lien on the property, but merely to change the form of his security, then such lien must be treated as continuous under whatever form it existed.

4. JUDGMENT. *For improper plaintiff on valid debt. Waiver by defendant. Objection by creditors.*
   Where a judgment is obtained on a valid claim, against a proper person, in the name of a party not authorized to sue on such claim, it is not competent, after the rendition of such judgment, for the creditors of the defendant in the judgment to deny that the plaintiff was the owner of the claim sued on at the time of the rendition of the judgment.

APPEAL from the Chancery Court of Lincoln County.

HON. LAUCH MCLAURIN, Chancellor.

In May, 1885, Mrs. J. H. Criswell exhibited her bill against M. Nalty and wife, Britton & Mayson, W. R. Spencer, county superintendent of education, and one J. C. Hardy. The bill sets out that complainant in 1877 or 1878 loaned M. Nalty fifteen hundred dollars, and that she took his note for the same secured by a mortgage on certain property; that at the end of each year the note and mortgage were renewed until 1884, when the note and mortgage exhibited with the bill were given; that in their several renewals there was no intention to relinquish previous liens, but the desire was to continue the debt and security in full force, and that these several mortgages were duly recorded within a week after their respective dates, but that the record thereof has been destroyed by fire. The bill further charges that in June, 1881, Nalty, who was about to fail, executed a deed of trust to one Williams, as trustee, to secure a pretended debt to Britton & Mayson, which deed of trust contained the following statements and provisions, among others: " Witnesseth that the party of the first part, being indebted to the parties of the third part in the sum of three thousand two hundred and seventy-five dollars and twenty-nine cents, with interest at eight per cent. per annum, and whereas

the said party of the first part hath executed and delivered to the parties of the third part his promissory note of even date, payable to their order, at their office, in the city of New Orleans, on the first day of January next, 1882, for five thousand dollars, and bearing interest from maturity to cover said indebtedness and further advances, which note is to be held as collateral for use in the purchase of supplies and merchandise for the family and plantation of the party of the first part. Now, therefore, in consideration of the premises, and in order to secure the payment of said sums advanced, or to be advanced, as aforesaid, the said party of the first part does hereby bargain, sell, and convey to said party of the second part the following-described property, to wit, a two-story brick building described as follows:   *   *   *   also stock of goods now or hereafter on hand in brick building, situated on lot No. 8, Block C, all in the town of Brookhaven, State of Mississippi. *   *   *   And should the said trustee believe the said property, or any part thereof, endangered, as a security for said payments, he shall take the same into possession and hold it until said payments are made, or until said property is sold as aforesaid. But until demanded by the trustee for either of the purposes aforesaid said party of the first part can hold the same."   *   *   *   The bill charges that this deed of trust was executed to defraud creditors; that the property embraced in the deed was sold by the trustee and purchased by Britton & Mayson, who sold the same to one J. C. Hardy; that this deed of trust, under which the property was sold, was not only given after the lien of complainant had attached, but that it is also fraudulent. The bill shows that Spencer claims a lien on the property of Nalty by virtue of a judgment rendered in favor of one Cummings, the predecessor of Spencer in the office of county superintendent of education in the year 1883, and based upon a promissory note given for the sale or lease of section No. 16, and belonged to the school board of the township. The bill prays that the property of Nalty, most, but not all, of which is embraced in Mrs. Criswell's deed of trust, be sold to satisfy her claim. The defendants, Britton & Mayson and Hardy, deny knowledge of Mrs. Criswell's debt or lien, deny

that her mortgage was ever recorded until 1884, long after their mortgage in the year 1881 was given, and deny all fraud.   Spencer admits all the allegations except notice of Mrs. Criswell's mortgage, and makes his answer a cross-bill against complainant and his co-defendants, setting up a judgment against Nalty in favor of one Cummings, his predecessor in the office of county superintendent of education.   The Chancellor found all the material facts in favor of Mrs. Criswell, the complainant, and decreed that all the property of Nalty mentioned in the bill be sold, and that her claim be satisfied first.   The defendants, Britton & Mayson and Hardy, appealed.   It was conclusively shown by the evidence before the Chancellor that Nalty continued to sell the goods embraced in the deed of trust to Britton & Mayson, and carry on the mercantile business precisely as he had done before the execution of the mortgage, and that this was done with the full knowledge and consent of Britton & Mayson, the mortgagees.

The evidence as to the recording of the mortgages of the complainant was conflicting.   Nalty, the mortgagor, testified that the deeds in 1879 and 1880 to the complainant were recorded immediately after they were executed.   Williams, the trustee in the deed to Britton & Mayson, testified that when he had recorded the said deed he examined the records and did not find Mrs. Criswell's mortgage, but about a year afterward he examined the records again and found the mortgage executed in 1882 recorded, but he testified that he was not familiar with the records, and spent about fifteen or twenty minutes in examining the same.   One A. O. Cox testified that it was his impression that the mortgages in favor of Mrs. Criswell were recorded.   The chancery clerk testified that he examined the index to deeds in July, 1881, but did not find Mrs. Criswell's deed of that year recorded.

Mrs. Criswell demurred separately to Spencer's cross-bill, and Britton & Mayson and Hardy filed a joint demurrer thereto. Both demurrers were sustained, and Spencer appealed.

*Sessions & Cassedy*, for the appellants, Britton & Mayson and Hardy.

1. As to the deed in trust of Britton & Mayson, it is not nor can

it be claimed to be fraudulent upon its face, for it does not come within the rule of either *Hoskins* v. *Harman* nor of *Joseph* v. *Levy*. The proof taken to show the sale of the stock and the facts elicited from which the inference is sought to be drawn that Britton & Mayson consented to a sale is a virtual admission that the deed is good on its face, and must be assailed by evidence *aliunde*.

The deed of Britton & Mayson is not void even as to creditors by reason of any provision contained in it, but is sought to be avoided by evidence " *aliunde*"—this evidence is offered for the purpose of showing that at the making of the deed there was an *agreement* between Nalty and Britton & Mayson that he (Nalty) should continue to sell the goods embraced in the mortgages in the usual course of trade.

The deed of Britton & Mayson is not fraudulent on its face. The vice in all mortgages of a stock of goods consists in the agreement that the mortgaged goods shall be or may be sold in the usual course of business. Such was the express provision in the deed in the case of *Harman* v. *Hoskins*, 56 Miss., and the vice in the deed passed upon in *Joseph et al.* v. *Levy*, 58 Miss., was in the provision that the business was to be continued and the money realized from a sale of the goods, instead of being applied to the payment of the secured debt, was to be used in replenishing the stock, thus continuing indefinitely the mercantile business, and *"ex vi termini"* operating to hinder and delay other creditors without affording any substantial security to the holder of the mortgage.

2. On the question of fact as to the record of the various deeds of Mrs. Criswell, prior to the one of March, 1881, not recorded until July of that year, the decided preponderance of evidence is that they were not recorded.

*H. Cassedy,* of counsel for the appellants, argued the case orally.

*A. C. McNair,* for the appellant, Spencer.

It is urged that the judgment under which Spencer, the county superintendent of education, claims is void, because it was rendered in the name of Cummings after he had ceased to hold the office and Spencer was appointed his successor. The most that can be said of the judgment is that it may be as to Nalty. However that may

be, it is not void.    It did not abate, and cannot be attacked collater-
ally.    Section 1521, Code 1880 ; *Parisot* v. *Green*, 46 Miss. 747 ;
*Hooker* v. *Yale*, 56 Miss. 197, 202.

*R. H. Thompson*, for the appellee in the appeal by Britton &
Mayson and Hardy.

Nothing is said affirmatively in the deed about Nalty's being
permitted to sell the goods in the usual course of his business as a
merchant ; but I insist that the clear inference from the face of the
deed itself is that it was the understanding between the parties that
he should do so.

But whether this is apparent from the face of the instrument or
not, nothing could be better established in evidence.    In fact, it is
not denied in the pleadings.    The answers undertake to evade the
matter.

I shall not go into the arguments which have been adduced
upon the subject in the controversy between American lawyers and
judges upon the question thus presented.    I assume that this court,
having already arrayed itself with the majority of the courts of
the Union, will stand by its decisions pronouncing such mortgages
fraudulent.    *Harman* v. *Hoskins*, 56 Miss. 142 ; *Joseph* v. *Levy*,
58 Miss. 843.

It only remains, therefore, on this branch of the argument to
inquire whether the fact that the power to sell does not appear
affirmatively upon the face of the deed (conceding for argument
that it is not clearly inferential from the recitals) can make any
difference.    That it does not is at once apparent to the legal mind
which has ever drawn the distinction between *substantive law* and
mere procedure.    Whenever a certain state of facts is presented
the legal conclusion, the matter of substantive law, is the same,
without reference to how these facts were established.    What is the
legal conclusion from any given state of facts is independent of,
whether the facts are admitted, were established by the verdict of a
jury, or whether they are evidenced by writing or by parol.    How
facts are, or are to be proven, is a matter of adjective, as contra-
distinguished from substantive, law, is a mere matter of legal pro-
cedure.

Mr. Pierce, in 17 American Law Review 361, says: "It will be immaterial, then, to the question of law, whether the fraudulent agreement appear upon the face of the instrument, or be proven by other sufficient evidence. Such has in general been the view entertained by those courts in which the subject has been discussed. It is true that the leading cases in Virginia, West Virginia, Colorado, and Mississippi, in which the doctrine has been applied, exhibited the fact of such an agreement on the face of the instrument, while in the leading cases in Ohio and Oregon the agreement was proven *aliunde.* But in New York, New Hampshire, Illinois, Tennessee, Wisconsin, Minnesota, and Indiana, and in the courts of the United States cases of both classes have arisen, and the adjudication of fraud, as a rule of substantive law, has been made indifferently in both. Frequently the agreement has been found on the face of the deed by implication." The writer cites: *Collins* v. *Myers*, 16 Ohio 547; *Orton* v. *Orton*, 7 Oregon 478; *Edgell* v. *Hart*, 9 N. Y. 213; *Southard* v. *Benner*, 72 N. Y. 424; *Raulett* v. *Blodgett*, 17 N. H. 298; *Putnam* v. *Osgood*, 51 N. H. 192, and 52 N. H. 148; *Davis* v. *Ransom*, 18 Ill. 396; *Barnett* v. *Fergus*, 51 Ill. 352; *Bank* v. *Ebbett*, 9 Heisk. 153; *Nailer* v. *Young*, 7 Lea 735; *Place* v. *Langworthy*, 13 Wis. 629; *Steinart* v. *Deuster*, 23 Wis. 136; *Stein* v. *Munch*, 24 Minn. 390; *Horton* v. *Williams*, 21 Minn. 187; *Insurance Co.* v. *Wilcoxson*, 21 Ind. 355; *Mobley* v. *Letts*, 61 Ind. 11; *Smith* v. *McLean*, 10 N. B. R. 260; *Re Forbes*, 5 Biss. 510; *Re Kahley*, 2 Biss. 383; *Re Morrell*, 2 Sawyer 355; *Catlin* v. *Currier*, 1 Sawyer 7.

*R. H. Thompson* also made an oral argument.

*H. Cassedy* and *R. H. Thompson*, for the appellees in Spencer's appeal.

If Cummings had, when he recovered the judgment, held a note on the fund, he would not have been authorized to collect it, and if Spencer had possessed himself of such a note he would have had no authority to sue on it or collect it, but would have been under obligation to turn it over to the trustees.

How can he collect or sue upon a judgment if he could not do so with the note on which the judgment was rendered? Ought he

not to allow the trustees to manage this matter? Is he not, in attempting to sue upon or to collect the judgment, interfering with the business of other officials?

COOPER, C. J., delivered the opinion of the court.

The mortgage executed by Nalty to secure the debt due to Britton & Mayson was not fraudulent on its face, for though it is strongly suggested that it was contemplated by all parties to it that Nalty should continue to dispose of the goods mortgaged in the usual course of trade, there is no express reservation of that right. *Cargill* v. *Ewing,* 13 S. & M. 79. We cannot say that the power is so clearly reserved to sell the goods that no evidence negativing that right could be introduced. It is only where the conveyance so unmistakably reserves the right to the mortgagor to deal with the property mortgaged as his own that all evidence to the contrary should be excluded as contradicting the writing, that a court can declare the deed fraudulent in law. But that the mortgage was fraudulent in fact, or fraudulently used by the beneficiaries, is, we think, manifest. The debtor's property was withdrawn from liability to seizure by other creditors, not for the purpose only of giving security to the creditors in whose favor it was given, but that at the end of the business which might be conducted by the debtor the mortgage should bind whatever of goods there might be then on hand, for whatever debt might be then due, within the amount of the note described in the deed. The mortgagor could, in conformity with the contract or understanding between himself and the beneficiaries, sell any part or all of the mortgaged goods, and thus he could determine on what the mortgage should exist at its forfeiture ; the beneficiaries, on the other hand, could apply any payments made, whether realized from sale of the mortgaged goods or otherwise, to any debt they might hold, and thus other creditors could be prevented from securing the payment of their debts, at the will of the parties to this deed. As we have said, this agreement is not shown from the face of the deed, but it manifestly and indisputably is shown by evidence *aliunde.*

Whether Hardy is chargeable with notice of this fraudulent

agreement existing *dehors* the deed, it is unnecessary to decide, since we think the evidence preponderates in favor of the fact that all the deeds securing Mrs. Criswell's debt were recorded. Nalty, the mortgagor, testifies that they were, and though others who examined the records failed to discover on the index of deeds evidence that they were recorded, it may be that the reason was that the clerk failed to index the deeds, or that the examinations were not thorough. That such was the character of the examinations made by McNair is evident from the fact that he failed to find the prior deed in favor of Britton & Mayson, and that this was recorded and placed on the index is shown by the evidence of Mr. Williams.

On the facts shown it appears that, though the mortgages executed from time to time were surrendered as the renewals were given, there was no intention on the part of the mortgagee to surrender her lien on the property, but that these were mere changes in the form of the security. Under such circumstances the lien is to be treated as continuous, under whatever form it existed.

The judgment in favor of Cummings, county superintendent of education, is valid and a prior lien upon the property, except that described in the mortgages to Mrs. Criswell. It is not competent for either Mrs. Criswell or Britton & Mayson to deny that the plaintiff in that judgment was the owner of the claim sued on at the time of the rendition of the judgment. The debt was a valid debt, and if the debtor did not avail of any supposed defect of power on the part of the county superintendent to sue, these creditors cannot. *Jones* v. *Moody,* 59 Miss. 327.

It is true that the board of supervisors of the county is now the proper party to receive payment of the money due on the judgment. Code of 1880, § 739 ; but this only shows that it might have been made a party defendant to the bill instead of Spencer.

·On the facts shown the complainant is entitled to subject the property to the payment of her debt, but as to all of it not included in her mortgages, the judgment is a prior lien and entitled to priority of satisfaction, and a sale, if made, must be in subordination of the rights of those beneficially interested therein. Since Mrs. Criswell has improperly made Spencer a party to the bill, the

decree dismissing him from the suit should be so modified as to clearly protect the rights of the board of supervisors in any suit it may see proper to institute.

*For this purpose the decree will be reversed and a proper decree made here.*