A. BALDWIN & CO. *v.* R. J. LITTLE.

1. DEED OF TRUST.  *On stock of goods.  Whether void for continuing business of grantor.*
   A deed of trust on a stock of goods and merchandise is not void on its face, on the ground that it provides for the continuance in business of the grantor, selling and replenishing stock in the usual course of dealing, where such provision is not made in express terms, but can only be gathered by implication.

2. SAME.  *Case in judgment.*
   And a clause in a deed of trust on a stock of goods which conveys "all the goods, wares, and merchandise that may be hereafter purchased by the said parties of the first part, to be sold in their store before satisfaction of this deed of trust," is not such an express provision for the continuance in business of the grantor in the usual course of dealing as to render this deed of trust void on its face.

3. SAME.  *Rendered fraudulent by dealings thereunder.  Rights of innocent purchaser.*
   Where a deed of trust is valid on its face, though rendered fraudulent as to creditors by the dealings of the grantor under it, the rights of a purchaser under the deed are not affected by such fraudulent conduct, and his title will prevail over a judgment against the grantor rendered subsequent to the execution of the deed of trust.

APPEAL from the Chancery Court of Rankin County.

HON. T. B. GRAHAM, Chancellor.

In March, 1879, J. W. Hudnall & Co., a mercantile firm, executed a deed of trust in favor of one Cyrus Bussey, of New Orleans, on certain lands in Rankin County, and also on their stock of merchandise then on hand or thereafter to be acquired in the course of business. The part of the deed of trust necessary to be considered here consists of a conveyance to a trustee of the lands now in controversy, "together with all the improvements, privileges, and appurtenances to all said lands belonging, or in any wise appertaining, the individual property of J. W. Hudnall, all the stock of general merchandise now in the store-house of the said J. W. Hudnall & Co., in the said town of Brandon, consisting of dry goods, groceries, boots, shoes, hardware, store fixtures, furniture, show-cases, iron safe, etc., also the notes, books, accounts, and deeds of trust of the said parties of the first part now due or hereafter to become due before the satisfaction of this deed of trust, also all the goods, wares, and merchandise that may be hereafter purchased by the said parties of the first part, to be sold in their store before the satisfaction of this deed of trust. To have and to hold the above-described real and personal property unto the said party of the third part as trustee as aforesaid, his heirs and assigns forever, free from the claim or claims of any person or persons whomsoever;" then follows the usual conditions and power of sale.

In May, 1880, A. Baldwin & Co. obtained judgment against Hudnall & Co. for one hundred and twenty-nine dollars and sixty-nine cents. On July 8, 1880, an execution under this judgment was levied on the land embraced in the above deed of trust, and the same advertised to be sold on the first Monday of August, 1880. On July 17, 1880, the trustee in the deed of trust sold this land under and by virtue of this deed to one R. J. Little. On July 31, 1880, R. J. Little filed a bill in the Chancery Court of Rankin County, praying for an injunction against the sale of this land by the sheriff under the execution in favor of A. Baldwin & Co., because it would cast a cloud upon his title. On the final hearing

the injunction was made perpetual. From this decision A. Baldwin & Co. appealed.

The evidence showed that Hudnall & Co. continued in charge of the merchandise included in this deed of trust, sold the same, and carried on the business after its execution just as they had done before. There was also evidence which tended to show actual fraud against creditors by Hudnall & Co. in the manner of sale of and dealing with the goods, and the application of the proceeds thereof, after the maturity of the deed of trust. But there was no evidence which showed that R. J. Little knew of or was connected with the fraudulent conduct of Hudnall & Co.

*William Buchanan*, for the appellants.

1. The deed of trust to Allison, trustee, under which appellee claims, is fraudulent *per se*, and void. *Harmon* v. *Hoskins*, 56 Miss. 142; *Joseph* v. *Levi & Co.*, 58 Miss. 843.

2. The proof *aliunde* makes a case of fraud in fact. The conduct of the parties under the deed of trust shows the real design of its execution to defraud creditors.

Hudnall, the grantor in the deed of trust, was permitted to dispose of the property covered by the deed of trust long after its maturity, and to pocket the proceeds. There was no provision in the deed of trust requiring the application of the cash proceeds of sales to the payment of the indebtedness to Bussey, the grantee, and the evidence shows that Hudnall continued so to dispose of the goods after the maturity of the deed of trust.

*McLaurin & McLaurin*, for the appellee.

1. We submit that it must be shown by appellants that Hudnall executed this deed of trust to defraud them. Code of 1871, § 2894; Code of 1880, § 1294; *Prestidge* v. *Cooper*, 54 Miss. 76; *Cook* v. *Ligon*, 54 Miss. 655.

The burden of proving the deed of trust to have been executed to defraud these appellants was upon the respondents. *Osborne* v. *Crump*, 57 Miss. 622. The appellants have not so proved.

2. There is no pretense that Bussey or Allison, the trustee, had any notice of any intent to defraud these creditors, which notice would have been absolutely essential.

CAMPBELL, J., delivered the opinion of the court.

The deed of trust does not in express terms provide for the continuance in business of the grantors selling and replenishing stock in the usual course of dealing, and therefore is not void on its face. It is true that the evidence shows such a course of dealing under the instrument as to make it fraudulent in fact as to creditors, but the right of the appellee is to be determined by the deed of trust. He stands on that as the foundation of his title, and is not implicated in the fraudulent conduct of the grantors in the deed after it was executed. As he is unaffected by their subsequent fraud, and the deed of trust is not *per se* fraudulent, his claim must prevail over that of the appellants.

*Affirmed.*