## JOHNSTON, TALLMAN & CO v. TUTTLE BRO'S.

ATTACHMENT. *Deed of trust on stock of goods. Agreement for grantor to remain in possession and continue business. Case in judgment.*

T..executed a deed of trust on his stock of goods to secure a promissory note in favor of E., and it was agreed verbally between them that T. should remain in possession of the goods, sell the same, replenish the stock, pay off his debts and conduct the business in his usual manner. This agreement was being carried out when T. was attached by one of his creditors on the ground that he had disposed of his property with intent to hinder, delay and defraud his creditors. In the trial of the issue raised by a traverse of the ground of attachment the facts above stated were proven; and there was evidence to show that T. and E. had no fraudulent intent in the matter. *Held,* that the legal effect of such an arrangement was to hinder, delay and defraud creditors, and the law conclusively imputes a fraudulent purpose, without regard to the actual motives of the parties. The attachment was properly sued out.

APPEAL from the Circuit Court of Adams County.

HON. RALPH NORTH, Judge.

On January 2, 1888, Tuttle Bros., a firm engaged in the business of confectioners, executed a deed of trust on certain real estate and on their stock of goods, being used by them in their business, in favor of one Benoist, trustee, to secure a note then executed in favor of Eltringham. On January 21, 1888, Johnston, Tallman & Co. sued out an attachment against Tuttle Bros., and caused the same to be levied on the stock of goods covered by the trust deed, on the grounds that the latter had disposed of their property with intent to hinder, delay and defraud their creditors, and that they had converted, or were about to convert, their property into money or evidences of debt, with intent to place it beyond the reach of their creditors. The defendants in attachment pleaded in abatement, denying the grounds of the attachment.

In the trial of this issue the evidence tended to show that on the execution of the deed of trust it was verbally agreed between Tuttle Bros. and Eltringham that the former should remain in possession of the goods and carry on the business as

they had been accustomed to do, and that they should use the proceeds to liquidate their debts; that in pursuance of this agreement they did so remain in possession, sold goods, replenished the stock, made collections, and paid off debts, just as they had formerly done, but without any apparent intent to defraud their creditors.

The Court, after instructing for the plaintiffs, substantially, that if the jury believe the facts above set out, then the deed of trust is void, and they should find for the plaintiffs, gave several instructions for the defendants, a type of which is as follows:

" 1. The gist of the whole question for the jury to decide is as to whether there was an intention at fraud done or attempted by defendants, in making the deed in evidence, upon their creditors, and the burden of proving that such was their intent, purpose and design rests upon plaintiffs, and if the jury believe that the plaintiffs have not established such proposition by a preponderance of proof, then they will find for the defendants."

The verdict of the jury was for the defendants in attachment, Tuttle Bros. The plaintiffs appealed.

*T. J. Carson*, for the appellants.

1. As the law stands decided by this Court in *Josephs* v. *Levi* 58 Miss., page 843, and in *Harmon* v. *Hoskins*, 56 Miss., pag 142, cited therein, there can be no question as to the rightfulness. of the issuance of this attachment.

2. The instructions given by the Court below for the appellants were eminently correct, embodying the law as applicable to the evidence adduced on the trial; but the instructions for the defendants were wholly unwarranted thereby, and altogether inconsistent with those given for plaintiffs.

Both sets of instructions cannot stand, as one or the other is not applicable to the evidence, and they are so irreconcilable that th y cannot be construed together, but are in flat contradiction, leaving the jury without the law to guide them to a correct conclusion in considering of their verdict. See, *House* v. *Fultz*, 13 S. & M., p. 39; *Miss. Central R. R. Co.* v. *Miller*, 40 Miss., p. 45; *Southern R. R. Co.* v. *Kendric*, 40 Miss., p. 374, and *Herndon* v. *Henderson*, 41 Miss., p. 584.

*Pintard & Martin*, on the same side.

The theory upon which this attachment was sued out is based upon the decisions of this court in *Harmon* v. *Haskins*, 56 Miss., 142, and *Joseph* v. *Levi*, 58 Miss., 843.

These cases settle this principle, that a mortgage or deed of trust, which reserves in the grantor possession of a stock of goods conveyed by the deed, with the privilege of continuing to carry on business for his own use and benefit, is fraudulent and void upon its face as to creditors of the grantor. It is held that the inevitable *effect* of such an instrument is to hinder and delay other creditors, and the conclusion follows that such must have been the intent of the party making it, and this conclusion is absolute.

The making of such an instrument is ground for an attachment. *Joseph* v. *Levi*, 58 Miss., 843.

Therefore the deed of trust to Benoist was fraudulent and void, because, though fair upon its face, it was coupled with the cotemporaneous vicious agreement for retention of possession by the grantors, and the agreement was carried into effect. The authorities cited show that a *conclusive* presumption of fraudulent intent arises in such cases equally as in those where the fraudulent agreement is expressed upon the face of the instrument itself. Bump on Fraudulent Conveyances, 122, 126.

The instructions given for the plaintiffs by the court below fairly announced the law upon this point; but they were virtually wiped out by the instructions for the defendants.

*J. M. Gibson*, for the appellee.

Your Honors will observe, in your consideration of this cause, that the deed of trust given by the defendants to Benoist for the benefit of Eltringham is VALID upon its face. This being the case, the question of the INTENT which actuated the defendants in making the conveyance became and was, on the trial below, the sole question of fact for the consideration of the jury. And all the evidence showing this INTENT to have been an honest one, the finding of the jury was correct and will be upheld, notwithstanding the court gave conflicting instructions.

*Harris* v. *Cappell*, 28 Kansas, 117; *Gibson* v. *McLaughlin*, 1 Brown Pa., 292; *McPike* v. *Atwell*, 34 Kansas, 142; *Ivy* v.

*Caston*, 21 S. C., 583; *Hunter* v. *Soward*, 15 Neb., 215; *Steel* v. *Dodd*, 14 Neb., 496; *Bullens* v. *Smith*, 73 Mo., 151; Burrell on Assignments, §§ 340, 345.

ARNOLD, C. J., delivered the opinion of the Court.

The instructions for appellees were not applicable to the case made by the evidence and should not have been given. Whether fraud was intended or not, the course of dealing under the deed of trust was such as to render it fraudulent as to creditors, and a ground for attachment. The legal 'effect of the arrangement disclosed by the record, was to hinder, delay and defraud creditors, and the law imputes to it conclusively a fraudulent purpose, without regard to the actual motives of the parties. And it is immaterial whether the agreement or understanding by which the grantors retained possession of the stock of goods, and continued to carry on the business as they had done before the deed of trust was executed, was expressed on the face of the instrument, or proved to exist by evidence *aliunde.* In legal contemplation, the effect is the same in both cases. On the undisputed facts, the verdict should have been for appellants. *Harman* v. *Haskins*, 56 Miss., 142; *Joseph* v.. *Levi*, 58 Id., 843; *Brittan* v. *Criswell*, 63 Id., 394; *Baldwin* v *Little*, 64 Id., 126; Bump. on Fraudulent Conveyances, 2d Ed., 126.

*Reversed and remanded.*