NEWTON OIL & MANUFACTURING COMPANY ET AL. v. JOSEPH C. CARR.

[52 South. 353.]

FRAUDULENT CONVEYANCES. *Mortgage on stock of merchandise. Sales by mortgagor. Mortgagee's consent. Evidence.*

A mortgage executed by a merchant upon his stock of goods, wares and merchandise is not void on its face as to creditors of the mortgagor, where it does not authorize sales by him; but sales of the mortgaged property, made by the consent of the mortgagee given at the time the deed was executed, render the instrument void as to said creditors, and such sales, and consent may be proved *aliunde* the mortgage.

FROM the chancery court of Winston county.

HON. JAMES F. McCOOL, Chancellor.

Carr, appellee, was complainant in the court below; the Oil, etc., company and others, appellants, were defendants there. From a decree in favor of complainant, defendants appealed to the supreme court. The facts are stated in the opinion of the court.

*Rodgers & Brantley,* for appellants.

The decree of the court below from which the appeal is prosecuted is manifestly erroneous and in so far as it adjudged the mortgage or deed of trust valid as against the creditors of the mortgagors is in the face of the decisions of this court. *Harman v. Hoskins,* 56 Miss. 142; *Joseph v. Levy,* 58 Miss. 843; *Britton v. Criswell,* 63 Miss. 394; *Baldwin v. Little,* 64 Miss. 126.

*L. H. Hopkins,* for appellee.

The mortgage or deed of trust was certainly valid on its face and not condemned by any decision of this court. The evidence showed that the mortgagor accounted for the proceeds of all sales made, and the decree of the chancery court should be affirmed.

SMITH, J., delivered the opinion of the court.

On the 4th day of June, 1908, appellant recovered a judgment. against James and William Wilson, composing the firm of Wilson Bros. On the 14th day of July following said judgment was enrolled in the office of the circuit clerk, and on the next day execution was issued thereon. Under this execution the sheriff was proceeding to sell the stock of goods belonging to said Wilson Bros., when appellee filed this bill in the court below, alleging that he had a prior lien on said stock of goods under a deed of trust executed to him thereon by said Wilson Bros. on the 5th day of June, 1908, and prayed for and was granted a temporary injunction enjoining said sale. The recital in the deed of trust relative to the stock of goods is as follows: "Also the entire stock of wares and merchandise now in said stores at High Point, Miss., and of wares and merchandise to be placed in said stores during the year 1908." To this bill a demurrer was filed, alleging, among other things, that said

deed of trust was void for the reason that it shows on its face that it was made to hinder, delay, and defraud creditors. This demurrer being overruled, appellant filed its answer, charging that said deed of trust was fraudulent and void as to creditors, and alleging, among other things, that since the execution thereof Wilson Bros. had continued in possession of said stock of goods, selling and replenishing same, and conducting a mercantile business in the usual and ordinary way. On final decree the injunction was made perpetual, from which decree this appeal is taken.

"The deed of trust does not in express terms provide for the continuance in business of the grantors, selling and replenishing stock in the usual course of dealing, and therefore is not void on its face." *Baldwin v. Little,* 64 Miss. 126, 8 South. 168. The deed of trust, however, on its face permitted the mortgagors to add to or replenish their stock, and it is admitted by appellee that they were verbally authorized to, and did, continue to sell. It is also clear, from other portions of the evidence, that the mortgagors continued in possession, buying and selling and conducting a business in the usual and ordinary way. According to appellee, the mortgagors were to account to him for the proceeds of all the sales; but no attempt was made to show that this was done. The legal effect of this arrangement and course of dealing was to hinder, delay, and defraud creditors, and therefore the court must declare the mortgage fraudulent and void. *Britton v. Criswell,* 63 Miss. 394; *Johnston v. Tuttle,* 65 Miss. 492, 4 South. 553.

The decree of the court below is *reversed,* and the cause *remanded.*