COFFEEVILLE BANK *v.* STONE *et al.*[*]

(Division B.   Oct. 8, 1928.)

[118 So. 413.   No. 27300.]

*Corpus Juris-Cyc References: Chattel Mortgages, 11CJ, section 275, p. 582, n. 30. Belief of probable cause as justification of officer making an arrest wihout a warrant, see 2 R. C. L. 450; 1 R. C. L. Supp. 543; 4 R. C. L. Supp. 111; 5 R. C. L. Supp. 98; 6 R. C. L. Supp. 98.

*Stone & Stone,* for appellant.

*Sivley, Evans & McCadden,* for appellees.

PACK, J. Appellees were receivers for F. K. McRea & Co. Prior to the receivership, McRea had executed to appellant bank two instruments purporting to give to the bank a first lien on lumber stacked and to be stacked on planer yards of McRea. The bank had loaned and was to advance to McRea money to the amount of ten dollars per thousand feet on all lumber so stacked. The instruments were acknowledged and recorded.

The agreed statement of facts recites:

"The lumber which we stacked on yard at the time of the execution of these lien agreements was shipped out in part from time to time and other lumber stacked on the yard from time to time in the place of that sold and shipped out and that the lumber changed in identity from time to time, but that the percentage of the lumber originally stacked on the yard at the time of the receivership is uncertain, but a large portion of it had been sold and shipped out, and that these facts were known and understood by the parties to the lien agreement at the time of the shipments and of the replenishments, and no objections were ever made thereto by the bank.

"It is further agreed that at the dates of the lien agreements in evidence, the bank did not require that McRae should stop business, and McRae continued his business as before, as specified above in this agreement."

The question for decision is: Were these instruments void as to the creditors of McRea? The fact that McRea was permitted to remain in possession of the lumber, to sell and replenish the stock in the usual course of business, brings the case squarely under former decisions of this court, rendering the instruments, and the course of dealing thereunder, fraudulent and void as to the general creditors of McRea. *Bank* v. *Goodbar*, 73 Miss. 566, 19

So. 204; *Andrews* v. *Partee,* 79 Miss. 80, 29 So. 788; *Johnston* v. *Tuttle,* 65 Miss. 492; 4 So. 553; *Baldwin* v. *Little,* 64 Miss. 126, 8 So. 168; *Britton* v. *Criswell,* 63 Miss. 394; *Oil Co.* v. *Carr,* 97 Miss. 234, 52 So. 353.

The court below held these instruments to be void, and in so holding we do not think there was error.

The judgment of the court below is affirmed.

*Affirmed.*