Coffeeville Bank *v.* Stone *et al.**

(Division B. April 15, 1929.)

[121 So. 816. No. 27300.]

*Corpus Juris-Cyc References: Chattel Mortgages, 11CJ, section 49, p. 442, n. 65; On validity and effect of chattel mortgage on after-acquired property, see 5 R. C. L. 403; 1 R. C. L. Supp. 1389; 6 R. C. L. Supp. 302; 7 R. C. L. Supp. 149.

For former opinion, see 151 Miss. 482, 118 So. 413.

*Stone & Stone,* for appellants.

*Sivley, Evans & McCadden,* for appellees.

ANDERSON, J. A sufficient statement of this case to develop the question decided on the former hearing will be found in the opinion handed down (*Bank* v. *Stone et al.*), 151 Miss. 482, 118 So. 413. On suggestion of error, appellant invokes for the first time, to uphold the validity of the chattel mortgage, chapter 243, Laws of 1920 (section 2480, Hemingway's Code of 1927), which follows:

"A deed of trust or mortgage on all of the chattels of a named class or classes (not including merchandise), described or limited as to locality owned at the time of the execution of the instrument and on such property of like kind as may be acquired during a stated period not to exceed twelve months, given to secure any and all indebtedness which the grantor may owe the beneficiary during said period, shall be a valid lien against all creditors of the grantor.

"The grantor shall have the right to pay the indebtedness thus secured with interest at any time, though not then due.

"This act shall not affect the validity of chattel deeds of trust or mortgages, now or hereafter given, valid under existing laws, but is intended to make valid deeds of trust or mortgages on chattels (not including merchandise) in which the grantor has no present or potential interest."

The lien contracts involved constituted chattel mortgages. The statute makes valid such a mortgage as against the general creditors of the mortgagor, provided the mortgage is confined to a named class or classes of chattels not including merchandise, limited as to locality, owned at the time of the execution of the mortgage, and such chattels of like kinds as may be acquired *during a stated period not to exceed twelve months*. The statute excludes "merchandise," which term is used in the popular sense.

The statute is to be construed in reference to the principles of the common law. It is not to be presumed that the legislature intended to make any innovation on the common law further than was necessary in order to carry out the plain purpose of the statute. Being in derogation of the common law, the statute is to be strictly construed. *Edwards* v. *Gaulding,* 38 Miss. 118; *Hollman* v. *Bennett,* 44 Miss. 322; *Gibson* v. *Hughes,* 6 How. 315; *Dibrell* v. *Dandridge,* 51 Miss. 55; *Shattuck* v. *Miller,* 50 Miss. 386; *Potter* v. *Fidelity & Deposit Co.,* 101 Miss. 823, 58 So. 713. The mortgages involved do not come within either the language or the purpose of the statute. They are not limited to chattels owned by the mortgagor at the time of their execution, and chattels of like kind *to be acquired by the mortgagor during a stated period not to exceed twelve months*. The first mortgage was executed on the 8th day of October, 1924, and the second on the 23d day of March, 1925. The first mort-

gage recites that it was given to secure moneys already loaned and to be loaned to the mortgagor during the next ninety days. The second mortgage was a renewal of the first, and in addition conveyed other property than that covered by the first. It recites that it was given to secure loans already made to the mortgagor under the first mortgage. According to the fair import of the language of the mortgages, they covered lumber stacked on the mortgagor's planer yards at the time of their execution, and all that might thereafter be stacked for an indefinite period. The indebtedness due by the mortgagor to appellant is evidenced by a note dated June 9, 1926, due September 8th thereafter; but that was a renewal note. The dealings between the mortgagor and appellant under the mortgages covered the years 1924, 1925, and part of 1926, and the note of June 9, 1926, represented the balance due at that date on the loans made by appellant to the mortgagor during those years, up to the date of the note. It appears plain, therefore, that the mortgages were intended to convey, and their language clearly expressed the intent, not only lumber stacked on the planer yards of the mortgagor at the time the mortgages were executed, but, in addition, all lumber that might thereafter be stacked on the planer yards by the mortgagor, until the loans made by appellant to the mortgagor under the mortgages had been fully paid. The purpose of the statute was, contrary to the common law, to make valid, as against the creditors of the mortgagor, mortgages on shifting stocks of chattels other than what is commonly known as stocks of merchandise, provided such stock is acquired by the mortgagor within twelve months of the giving of the mortgage.

*Suggestion of error overruled.*