RODGERS, Justice:
Henry F. Niemeyer, a used car dealer at McComb, Mississippi, purchased a new Lincoln Continental automobile, serial number 6Y82G421369, from a dealer in Arkansas, to sell to a customer, but the sale was not consummated. He decided to keep the automobile, and borrowed $5,243.40 from Deposit Guaranty National Bank at Mechanics Bank Branch in McComb, Mississippi, with which to pay for the automobile. On May 11, 1966, he executed a note and chattel mortgage deed on the automobile to the hank. Thereafter, on May 22, 1966, he sold the automobile to appellee, Leon Bohuslav.
When Mr. Niemeyer failed to pay the note, the bank sought to recover its collateral, the automobile, through the appellant trustee. A writ of replevin was issued. The appellee gave the required replevin bond and retained possession of the automobile. The trustee filed his declaration in re-plevin, to which the defendant filed an answer in which he pled the historical plea of “not guilty,” contending that the bank’s chattel mortgage was unenforceable against the appellant because he was an innocent purchaser without actual notice of plaintiff’s claim.
The case was tried before a jury,in Marion County, Mississippi, the home of the defendant, Leon J. Bohuslav, and the trial resulted in a verdict and judgment in favor of the defendant. The trustee has appealed and now contends that he was entitled to a directed verdict in his favor, because, it is said, a chattel deed of trust on an automobile is constructive notice to a third party purchaser of the bank’s interest, notwithstanding the fact that the mortgagee is a dealer of automobiles. Appellant trustee points out that recordation of retained title contracts on automobiles was not required before the enactment of section 8075-01, Mississippi Code 1942 Annotated (Supp. 1966), which became effective July 22, 1958; therefore, it is argued, the cases heretofore reported on retained title contracts are not applicable. Appellant then cites many cases from other jurisdictions, one of which, Finance & Guaranty Company v. Defiance Motor Truck Company, 145 Md. 94, 125 A. 585 (1924), holds that where a retained title contract was recorded and the maker, an automobile dealer, sold the truck to a third party, the purchaser was charged with notice of the conditional sales agreement, and the truck was subject to the rights of the holder of the recorded contract. This was also held to be the rule in North Carolina in the case of Whitehurst v. Garrett, 196 N.C. 154, 144 S.E. 835 (1928), and in Louisiana in Palmisano v. Louisiana Motors Company, 166 La. 416, 117 So. 446 (1928).
In addition thereto, the appellant points out that the bank complied with sections 863, 869 and 868 of Mississippi Code 1942 Annotated (1956).
The appellee, Leon Bohuslav, contends, on the other hand, that it is the established law of this state that an innocent purchaser for valuable consideration of collateral from a dealer without actual notice of a lien thereon is not charged with notice of a recorded trust deed. It is said that this rule is based upon (1) fraud, (2) estoppel, and (3) public interest.
Many cases holding that a mortgage on a stock of goods is void as to creditors are cited in Note 5 under section 265, Mississippi Code 1942 Annotated (1956).
Beginning with Bank of Hazlehurst v. Goodbar, 73 Miss. 566, 19 So. 204 (1896), this Court has uniformly held that a chattel mortgage on goods and wares owned by a *872 dealer who is allowed to continue to display such goods for sale is null and void as against creditors and purchasers of the grantor for valuable consideration without actual notice. See Newton Oil & Mfg. Co. v. Carr, 97 Miss. 234, 52 So. 353 (1910); Boice v. Finance & Guar. Corp., 127 Va. 563, 102 S.E. 591, 10 A.L.R. 654 (1920); Coffeeville Bank v. Stone, 151 Miss. 482, 118 So. 413 (1928), sugg. error overruled, 153 Miss. 811, 121 So. 816 (1929).
The question to be determined in this case resolved itself into an issue of facts. Was the maker of the chattel mortgage a dealer in the goods, wares and merchandise hy-pothecated in the mortgage, and if so, were the goods bought and exhibited in the dealer’s stock of goods for resale with actual or implied notice to the mortgagee ?
The testimony is more than ample to establish the fact that the maker of the chattel mortgage was a dealer of used automobiles and that this fact was known to the executive vice president of the Mechanics State Bank at the time he made the loan to the dealer. The testimony shows that the vice president of the bank stated he thought the dealer intended to use the automobile as a private automobile, but later he admitted he knew it was purchased for resale.
The testimony shows that the dealer sold the Lincoln Continental automobile for valuable consideration to Mr. Leon Bohuslav, who had no actual notice of the claim of the bank. The sale was made to the purchaser in Marion County, and the mortgage was recorded in Pike County. The record shows that the purchaser traded a Cadillac automobile to the dealer and paid the balance of the purchase price in cash. The Lincoln Continental automobile had a dealer’s tag on it at the time of the sale.
As a general rule, constructive notice is not afforded by the recordation of chattel mortgages on goods and chattels left in the hands of the merchant and dealer for resale as against purchasers for a valuable consideration. The cases sometime refer to this rule as “indicia of ownership.” The rule, however, is not universal. Many cases on this subject are collected in 136 A.L.R. 821 (1942). The case of Howell v. Board, 185 Okl. 513, 94 P.2d 830 (1939), is very similar to the case now before us. In that case it was held that where a mortgagee of an automobile owned by a second-hand automobile dealer had knowledge that the automobile was a part of the dealer’s stock in trade being offered for sale to the public, and thereafter the dealer sold one of the automobiles in the usual course of trade to a purchaser without knowledge of the mortgage, the mortgagee, by necessary implication, had consented to the sale of the mortgaged property and had waived thereby the mortgage lien.
In General Contract Purchase Corporation v. Clem, 220 Ark. 863, 251 S.W.2d 112 (1952), the court pointed out that goods and chattels exposed daily for indiscriminate sale to the general public at the place of business of the owner and over which the retailer or merchant is permitted to exercise dominion cannot be made the subject of a valid chattel mortgage.
In Bordman Investment Company v. Peoples Bank, 320 S.W.2d 72, 76 (Mo.Ct.App.1959), the Kansas City Court of Appeals pointed out that “in almost all jurisdictions the recognized rule is that where a mortgagee of an automobile or other chattel knows the mortgagor is a dealer, buying to sell the automobile or other chattel in the regular course of business, and consents to its sale by the mortgagor, the purchaser takes free from the mortgagee’s lien. (Citing many cases, including Annotation, 136 A.L.R. 821, where cases on both sides of this issue have been collected.)”
In McQuay v. Mt. Vernon Bank & Trust Company, 200 Va. 776, 108 S.E.2d 251 (1959), the Virginia Supreme Court recognized the general rule, but pointed out that where the mortgagee had no knowledge that the mortgagor was in the business of selling automobiles it was not charged with knowledge that the dealer would place the auto *873 mobile in stock and offer it for sale. The mortgage was held to be good. In that case the court said:
“Here the trial court concluded from the evidence that the bank did not know, nor was it charged with notice that Racine would place the automobile on which it held a lien in his stock of cars for sale. The evidence being sufficient to sustain the finding, the judgment is accordingly affirmed.” (108 S.E.2d at 255).
This Court has spoken directly on this point on two occasions. In Garrett v. Hunter, 48 So.2d 871 (Miss.1950), this Court said:
“We are again asked to determine what title, if any, an innocent purchaser gets from a defaulting vendee automobile dealer, who bought an automobile under a conditional sale contract. The answer was indicated as early as 1896 in Columbus Buggy Co. v. Turley, 73 Miss. 529, 19 So. 232, 32 L.R.A. 260.”
The Court, after having discussed the Columbus Buggy Company case, said:
“The case by agreement was submitted to the circuit judge on both the law and the facts. He found that appellant knew he was selling the car to an automobile dealer for resale purposes, and that therefore appellant was estopped to claim title to the car as against appellees, bona fide purchasers for value without notice of the retained title.”
“The trial court’s judgment for appel-lees was correct, and in accordance with the established principles applicable to conditional sales contracts.”
In the case of Associates Discount Corporation v. Slayton, 226 Miss. 778, 789, 85 So. 2d 199, 201, 86 So.2d 509 (1956), the Court said:
“It is well settled in this State that one, who sells a chattel to a dealer with notice, actual or implied, that it will be resold, even though he retains title thereto until the purchase price has been fuliy paid, cannot prevail against a purchaser m due course from such dealer for value without notice of the retained title. (Citing cases)' The rationale of the principle is both waiver and estoppel. See also 46 Am.Jur., Sales, Sec. 463, pp. 626-628.”
We have reached the conclusion that the testimony in this case was sufficient to establish the fact that the banker knew that the mortgagor purchased the automobile for resale and that in fact he intended to resell it. We are therefore of the opinion that the trustee in this case could not recover the automobile as against the purchaser for value without actual notice. The jury, having been properly instructed, found for the defendant. A judgment was entered accordingly, and the case should be affirmed.
Affirmed.
GILLESPIE, P. J., and BRADY, PATTERSON and SMITH, JT., concur.