BRADY, Justice.
This is an appeal from a judgment for the appellee in the Circuit Court of Harrison County, Mississippi, which affirmed a judgment of the county court in which court the appellant had sought to replevy a house trailer. From this judgment appellant prosecutes this appeal.
The record discloses these semantical gymnastics and essential facts: R. E. Eichorn, sole owner and operator of Roy’s Mobile Homes, on September 19, 1964, attempted to sell to himself, designated as Royal E. Eichorn, one (1) 1965 De Ville, 3 BR li/2 Bath Mobile Home, Serial No. D54-DV-108 of a value of $9,646.15. The original time selling price of this trailer was $14,329.34. The balance owed by Roy E. Eichorn at the time he obtained and attempted to sell the trailer to himself was $13,012.80. R. E. Eichorn made a cash payment of $1,316.54 on the trailer. At the time of the purported sale to himself, Roy’s Mobile Homes, being one and the same as R. E. Eichorn, executed a conditional sales contract to Royal E. Eichorn and a note was executed by Royal E. Ei-chorn to Roy’s Mobile Homes in the sum of $13,012.80. Said note called for 120 monthly installments in the sum of $108.44. R. E. Eichorn executed a dealer’s assignment of the conditional sales contract for Roy’s Mobile Homes to Pioneer Finance Corporation of Detroit, Michigan. The conditional sales contract and the assignment were both dated September 19, 1964. Mr. Eichorn lived in the trailer for which he had purchased personal furniture, and the record discloses that the trailer was located on the back of a lot on which numerous other trailers were placed for sale. The proof does not disclose that there were any distinctions made between the trailers located on this lot for sale except that Eichorn was residing in the trailer in question and the trailer was located on the back part of the lot rather than the front.
Mr. Marion Migrothy owned two trailers and upon moving from Jackson, Hinds County, to Gulfport, Harrison County, Mississippi, desired to obtain a trailer in which he and his family could live. He traded the two trailers which he owned that had a trade-in value of $3,500 and $2,000, respectively, and he paid the sum of $4,250 in cash in the purchase of the Expando De Ville trailer involved. Mr. Eichorn not only stated to Mr. Migrothy that the Ex-pando trailer was free from all liens and encumbrances but he wrote upon the customer’s purchase agreement the following language: “Above De Ville No. 54-DV108 free and clear of all liens and encumbrances.” There is also printed upon the bill of sale for the mobile home the following language: “And seller does hereby warrant his ownership therein, possessing full right and title thereto, and that he possesses the right to sell and dispose of the same, and that the said described property is now free and clear of all liens and *579 encumbrances of every kind, except as follows: * * Thereunder, in a blocked space of four and a half lines was written the word “None.” This bill of sale was dated November 27, 1965, being thirteen days antecedent to the execution of the customer’s purchase agreement which was dated December 14, 1965. The conditional sales contract which Roy’s Mobile Homes, a trade name, owned and operated solely by R. E. Eichorn, of Biloxi, Mississippi, which he executed to himself, Royal E. Eichorn, and was assigned to Pioneer Finance Company of Detroit, Michigan, was filed for record on October 5, 1964, in Chattel Deeds Book No. 388 on pages 433-34 in the Chancery Clerk’s office of Harrison County, Mississippi. On February 28, 1967, Mr. G. M. Mudie, President of Pioneer Finance Company, executed a transfer assignment and conveyance unto the appellant, G.A.C. Trans-World Acceptance Corporation, hereinafter called GAC, assigning “a security deed, mortgage, deed of trust or otherwise” from Roy’s Mobile Homes to the said Pioneer Finance Company, executed on September 19, 1964, so that a period of approximately two years and five months lapsed between the execution of the conditional bill of sale and its assignment thereof to GAC. Pioneer Finance Company also executed a power of attorney to GAC on February 28, 1967.
It is undisputed, as testified to by Mr. Roy E. Eichorn, that Pioneer Finance Company, now out of business, and whose assets and obligations were purchased or obtained by GAC, had full knowledge of and approved the sale of the Expando trailer by Roy E. Eichorn to Marion Mig-rothy on November 27, 1965.
Default in the monthly payments of $108.44 was made by the original vendee, Royal E. Eichorn. The trailer in which Mr. Migrothy was living was located by the appellant, GAC. Affidavit in replevin was made by GAC and proceedings instituted for possession of the trailer. A judgment for appellee was rendered by the county court, a jury having been waived, which was affirmed by the circuit court.
Several errors are assigned by appellant in urging that the circuit court erred in awarding possession of the trailer to the appellee. It is unnecessary for us to consider but one error assigned, namely, that the trial court erred in holding that the ap-pellee, Marion Migrothy, was an innocent purchaser for value and that his purchase was not subject to the recorded conditional sales contract held by the appellant.
The only substantial differences between the case at bar and the cases hereinafter cited are that the following cases are concerned with divergent objects of personal property sought to be replevied, such as buggies, lumber, store stocks, and automobiles. All issues, including the one stated above, are controlled by the decisions in the following cases: Green v. Bohuslav, 204 So.2d 870 (Miss.1967); Associates Discount Corporation v. Slayton, 226 Miss. 778, 85 So.2d 199, 86 So.2d 509 (1956); Garrett v. Hunter, 48 So.2d 871 (Miss.1950); Coffeeville Bank v. Stone, 151 Miss. 482, 118 So. 413 (1928), sugg. error overruled 153 Miss. 811, 121 So. 816 (1929); Newton Oil & Manufacturing Company v. Carr, 97 Miss. 234, 52 So. 353 (1910); Parry Manufacturing Company v. Lowenberg, 88 Miss. 532, 41 So. 65 (1906) ; Bank of Hazlehurst v. Goodbar, 73 Miss. 566, 19 So. 204 (1896); and Columbus Buggy Company v. Turley, 73 Miss. 529, 19 So. 232, 32 L.R.A. 260 (1896).
This case was well tried in the county court and the judge, a jury having been waived, properly rendered a judgment for the appellee. The circuit court has properly affirmed the judgment of the trial court. We affirm the judgment of the circuit court.
Affirmed.
ETHRIDGE, C. J., and JONES, INZER and ROBERTSON, JJ., concur.