## STATE v. MITCHELL.

[67 South. 853.]

FALSE PRETENSES. *Landlord's lien. Sale of property. Indictment.*
Code 1906, section 1168, makes the selling of property on which there is a lien of any kind "without informing" the buyer of the lien, a crime. The sale of property under a lien, coupled with a failure to disclose the fact to the seller, constitutes the statutory crime. The absence of any intent to defraud, would not avail as a defense and it is therefore unnecessary to allege in the indictment a fraudulent or felonious intent.

APPEAL from the circuit court of Winston county. HON. F. E. EVERETT, Judge.

Robt. Mitchell was indicted for selling cotton subject to a landlord's lien and from a judgment sustaining a demurrer to the indictment, the state appeals.

The facts are fully stated in the opinion of the court.

*Ross A. Collins*, Attorney-General for the state.

COOK, J., delivered the opinion of the court.

This is an appeal by the state from the judgment of the trial court sustaining defendant's demurrer to the indictment. The indictment, omitting formal parts, reads this way, viz:

"That Robert Mitchell, in said county, on the 12th day of January, A. D. 1914, unlawfully, willfully, and feloniously did sell to J. F. Ferguson one bale of cotton on which Dan Williams held a valid and existing landlord's lien for rent of land on which said cotton was raised, and for supplies furnished said Robert Mitchell during the year 1913, without then and there, or at any time prior thereto, informing him, the said J. F. Ferguson, of the existence of said lien, and of the exact state of the title of said bale of cotton as affected thereby, he, the said Robert Mitchell, then and there well knowing of the existence of said lien, and did then and there, in the manner and form aforesaid, obtain of and from him, the said J. F. Ferguson, the sum of seventy-two dollars, good and lawful money of the United States, of the property of the said J. F. Ferguson, of the value of seventy-two dollars, under false pretense, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Mississippi."

The grounds of the demurrer are as follows:

"(1) Because said indictment charges no offense; (2) because said indictment does not show that the money was procured from Ferguson by means of any false pretense; (3) because the indictment does not show that the defendant intended to cheat or defraud the said Ferguson; (4) because said indictment does not show that any act of the defendant in the procurement of any money was feloniously and unlawfully obtained, nor does the indictment show that such procurement was with an intent to cheat or defraud the said Ferguson."

This indictment was drawn under section 1168, Code 1906, which section is in these words, viz.:

"If any person shall sell, barter, or exchange or mortgage, or give deed of trust on, any property, real or personal, which he had before sold, bartered or exchanged, or obligated himself to sell, barter, or exchange, or which he had mortgaged, or in any manner incumbered, or on which he knows there is a lien of any kind, by contract or by law, without informing the person to whom he so sells, barters, exchanges, or bargains, or mortgages or gives deed of trust on it, of the exact state of the property as affected by said acts or of the lien or incumbrance thereon, he shall be guilty of obtaining under false pretenses whatever he received from the person dealing with him, and shall, on conviction, be punished therefor, as for obtaining goods under false pretenses."

The statute makes the selling of property on which there is a lien of any kind, "without informing" the buyer of the lien, a crime. The sale of property under a lien, coupled with a failure to disclose the fact to the seller, constitutes the statutory crime. The absence of any intent to defraud would not avail as a defense, and it is therefore unnecessary to allege a fraudulent or felonious intent.

The mere selling of property on which there is a lien is not criminal—it is the omission to inform the buyer of the state of the title which completes the offense.

We think the demurrer should have been overruled. Reversed and remanded for trial on its merits.

*Reversed and remanded.*