## STATE *v*. FETTERMAN.

[76 South. 673, Division A.]

FALSE PRETENSES. *Property subject to lien. Statute.*
   Under Code 1906, section 1168, providing that if any person shall
   sell any property on which he knows there is a lien without
   informing the person to whom he sells, etc., of the existence of
   the lien, he shall be guilty of obtaining under false pretenses,
   whatever he receives from the person dealing with him. An in-
   dictment charging that defendant unlawfully, and feloniously
   sold property on which there was a valid lien, without inform-
   ing the purchaser of its existence defendant then and there
   well knowing the existence of the lien and that defendant did
   in that manner obtain fifteen thousand dollars of property of
   the purchaser, was a sufficient indictment under the statute.

APPEAL from the circuit court of Leflore county.
Hon. F. E. EVERETT, Judge.

John Leet Fetterman was indicted for disposing of
property subject to a lien, without informing the buyer
of the existence of the lien. A demurrer was sustained
to the indictment and the state appeals.

The indictment in this case alleges that:

The defendant "unlawfully, willfully, and feloniously
did sell to the Fetterman Bowl & Column Manufactur-
ing Company . . . the following real and personal
property [describing it], on which there was then and
there a valid and existing lien held by Mrs. Viola D.
Fetterman, without then and there or at any time prior
thereto informing the said Fetterman Bowl & Column
Manufacturing Company of the existence of said lien
and of the exact state of the title of the above-named
property described as aforesaid, as affected thereby,
he, the said John Leet Fetterman, then and there well
knowing of the existence of said lien, and did then and
there, in the manner aforesaid, obtain of and from it,
the said Fetterman Bowl & Column Manufacturing

Company, the sum of fifteen thousand dollars of the value of fifteen thousand dollars, good and lawful money of the United States of America, of the property of the said Fetterman Bowl & Column Manufacturing Company.''

To this indictment the defendant demurred upon the following grounds, to wit: ''First, because the said indictment fails to allege that the money was received by means of the sale to the said Fetterman Bowl & Column Manufacturing Company; second, because the said indictment fails to allege that the said money was received by color and means of said false pretense; third, because the said indictment fails to allege that the defendant obtained the money 'feloniously'; fourth, because the said indictment does not charge defendant with the felonious intent to cheat and defraud the Fetterman Bowl & Column Manufacturing Company; fifth, because the said indictment does not allege that the Fetterman Bowl & Column Manufacturing Company was induced to pay the money by reason of the false pretense; sixth, because the said indictment does not describe the lien which was existing on the property at the time of the sale, does not state whether it was a lien by contract or by law, and does not attempt to describe the lien in any way.''

*Earl Floyd,* for the state.

The indictment is drawn almost in the language of section 1168 of the Code of 1906, and charges the appellee with selling a piece of real property, on which there were located houses and machinery, to the Fetterman Bowl & Column Manufacturing Company without informing the said vendee of the existence of a lien on such property in favor of Mrs. Viola D. Fetterman.

The demurrer contains several grounds upon which the invalidity of the indictment was urged in the court below but it is obvious that the trial court did not

have before it the recent case of *State* v. *Mitchell,* 67 So. 853, decided by this court on March 22, 1915, when it sustained the demurrer in the case at bar.

In the *Mitchell Case, supra,* an indictment in practically the same words as in the case at bar was sustained by this court when it reversed the judgment on the demurrer given by the trial court. Without setting out the indictment in the Mitchell Case, as found in the opinion of the court, I respectfull ask this court to compare the indictments. In addition to the similarity in the indictments, the court will observe that the grounds of demurrer are likewise practically similar, the only difference being that in the instant case, it is alleged in the sixth ground that the nature of the lien was not sufficiently described. It is manifest that this contention is without merit inasmuch as it is specifically alleged that the prior existing lien was in favor of Mrs. Viola D. Fetterman. It is therefore unnecessary to describe at length the lien or to show whether it was a lien arising out of contract, or of law as section 1168 makes the penalty the same irrespective of the nature of the lien. The only requirement is, that the lien be sufficiently described to apprise the defendant of the nature of the accusation in order that he may make his defense and be protected against a second prosecution, and it is manifest that these requirements have been met in an ample way.

This indictment is based on a statutory offense, and having followed the words of the statute it is sufficient. *Richberger* v. *State,* 44 So. 772.

I therefore respectfully submit that the judgment of the trial court should be reversed and the cause remanded.

SMITH, C. J., delivered the opinion of the court.

There is no merit in any of the grounds of the demurrer. Section 1168, Code of 1906; *State* v. *Mitchell,* 109 Miss. 91, 67 So. 853.

*Reversed and remanded.*