## JOSEPH LEWENBERG *vs.* JOHN H. HAYES.

### Penobscot.   Opinion December 27, 1897.

*Waiver.   Estoppel.   Sales.*

The vendor of goods, sold for cash to a tradesman to be put on sale, is estopped from claiming them in the hands of an innocent purchaser, because the cash price has not been paid.

Equitable estoppel may be asserted as a defense in actions at law.

ON EXCEPTIONS BY PLAINTIFF.

This was an action of replevin of merchandise, in which the plaintiff claimed that he had never parted with his title. The defendant claimed to have purchased the merchandise in good faith, for a valuable consideration, of one Fred A. Dubay, who at the time had the goods in his possession.

The case was heard by the presiding justice without a jury, with leave to except. There was no conflict of testimony, and the court ruled pro forma, as matter of law, that upon the evidence the defendant was entitled to judgment.

The court also ruled pro forma that if the plaintiff had parted with the title to the merchandise to the said Dubay, then he could not, in this action of replevin, be heard to question the bona fides of the sale by said Dubay to the defendant.

The plaintiff thereupon took exceptions to these rulings.

*J. F. Gould,* for plaintiff.

When goods are delivered with the expectation of immediate payment, and this has not been done, the vendors have the right to retake possession of the goods. *Merrill Furniture Co.* v. *Hill,* 87 Maine, 22; *Hotchkiss* v. *Hunt,* 49 Maine, 213; *Ballantyne* v. *Appleton,* 82 Maine, 573; *Peabody* v. *Maguire,* 79 Maine, 572, and cases cited.

*F. H. Appleton and H. R. Chaplin,* for defendant.

1st.   That when a sale is made in which the condition is that the whole or part of the price must be paid on or before delivery,

if the goods are delivered without payment, it is presumed that the condition precedent was waived, and the title passes absolutely to the vendee on the delivery of the goods. Tiedeman, Sales, § 217; *Peabody* v. *Maguire*, 79 Maine, 572, and cases there cited.

2nd. To rebut the presumption that title does pass, plaintiff must by some act or in some legal way prove his intention not to have title pass. He must disclose his intention not to waive.

An undisclosed intent not to waive the condition is not sufficient. *Upton* v. *Sturbridge Cotton Mills*, 111 Mass. 446.

The plaintiff does not prove one act on his part or any of his servants or agents till the time this replevin suit was brought, viz: October 10, a month and six days after the bulk of the goods were delivered.

We should distinguish between a sale upon condition and a delivery upon condition.

The facts here show a sale upon condition, viz: that one-half should be paid down in cash. The plaintiff was under no obligation to deliver the goods till one-half was paid in cash, and he had abundant means at hand to compel such payment. He could have shipped the goods C. O. D. He could have consigned the goods to himself and retained title and in many other ways have retained possession till he was paid, or he might have notified Dubay that notwithstanding the delivery of possession, the plaintiff retained the title. This he did not do and did not protect himself as he might have done. He made a delivery and no condition whatever was attached to that delivery, and the law will presume that pre-payment of the one-half cash was waived until the contrary is proved by competent testimony. Tiedeman, Sales, § 217; *Peabody* v. *Maguire*, 79 Maine, 572.

This is not a question between vendor and vendee, but between the vendor and an innocent purchaser from the vendee. *Smith* v. *Dennie*, 6 Mass. 262. In that case the court held that eight days was too long a time for the vendor to wait before he enforced the condition even against an attaching creditor.

The defendant is an innocent purchaser and this plaintiff by his own neglect to protect his rights put it into the power of Dubay to

impose upon defendant. Where one of two parties must suffer, the loss should fall upon the one who has been negligent of his own rights to the detriment of the other.

Waiver: *Farlow* v. *Ellis*, 15 Gray, 229.

SITTING: PETERS, C. J., HASKELL, WHITEHOUSE, WISWELL, SAVAGE, JJ.

HASKELL, J. Plaintiff sold one Dubay certain merchandise, half cash, half in thirty days, and delivered the goods without exacting the cash. The goods were shipped from Boston, September 4th, and were received in usual time by Dubay and by him sold to defendant October 1st, and they were replevied during the month of October.

The delivery without exacting the cash payment was evidence that the same had been waived, and if it had, the title passed to Dubay and his vendees. He had ordered goods August 27th, and September 16th, both before and after the bill in question, and they were shipped upon the same terms. From the whole transaction a jury might infer that plaintiff did not intend to insist upon the cash payment. He knew Dubay was a tradesman and would immediately put the purchased goods on sale. Perhaps a waiver may fairly be inferred, but waiver is a matter of fact when it is to be inferred from evidence, for the court says so in *Robinson* v. *Insurance Co.*, 90 Maine, 389. This case was tried by the sitting justice below, who ruled as a matter of law, there being no conflict of testimony, that defendant was entitled to judgment.

Now this ruling was incorrect, unless the defense can be sustained upon some other ground than waiver, and we think it can. The plaintiff is a merchant in Boston. His vendee a tradesman in Maine. The goods were sold with the knowledge that they were to be put on sale, and the plaintiff allowed the tradesman to expose the goods for sale as if he owned them, and the defendant, an innocent purchaser, bought them relying upon the apparent authority of the tradesman to sell them. Here the plaintiff, by his own inaction, allowed the defendant to assume that the trades-

man had the title to them and might lawfully dispose of them. The defendant had a right to rely upon such apparent authority, and may invoke an estoppel against the plaintiff's claim that he had not waived the cash price, and had not parted with title to the goods.    The plaintiff allowed the defendant to be deceived, and he cannot now be permitted to take advantage of his own fault. Merely intrusting goods to another, without knowledge that they were to be put on sale, would not raise an estoppel; *Staples* v. *Bradbury*, 8 Maine, 181; but knowledge that they are to be put on sale and acquiescence in allowing them to be so exposed is equivalent to authority to sell them and well may raise an equitable estoppel, that is matter of law, and a defense now favored both at law and in equity.    *Caswell* v. *Fuller*, 77 Maine, 105; *Milliken* v. *Dockray*, 80 Maine, 82, and cases cited; *Tracy* v. *Roberts*, 88 Maine, 310.

*Exceptions overruled.*