JOHN M. ANDREWS, CLAIMANT, *v.* HENDERSON PARTEE ET AL.

1. APPEAL.  *Sum in controversy.*  *Code* 1892, § 85.  *Supreme court.*

Under code 1892, § 85, giving the right of appeal from the circuit court to the supreme court in cases originating in a justice's court, where the amount in controversy exceeds $50 the supreme court has jurisdiction of an appeal by a claimant where the property claimed exceeds said sum in value and has been, by the circuit court, on appeal from a justice's court, subjected to an execution for more than that sum, although the amount in controversy in the original suit was less than $50.

2. CHATTEL MORTGAGE.  *Mortgagee's consent to sales.*

A chattel mortgage is fraudulent as to creditors where the mortgagee permits the mortgagor to sell the property for his own benefit, without reference to the actual intent in so doing.

FROM the circuit court of, first district, Panola county.

HON. PERRIN H. LOWREY, Judge.

Partee and another, appellees, were the plaintiffs in the court below. The appeal to the supreme court was prosecuted by Andrews, appellant, who claimed the property levied upon, from a judgment of the circuit court against him on a claimant's issue. The judgment in appellee's favor against the original defendant, Dye, was rendered in a justice of the peace court for $47.67 and costs. The costs, added to the sum re-

covered, made the demand of the execution equal $69. The claimant's issue originated in the justice of the peace court, where its trial resulted in the claimant's favor. The plaintiffs appealed to the circuit court, which decided the issue in favor of the plaintiffs, subjecting the property, worth more than $50, to the judgment. The claimant's right to the property depended upon the validity of a chattel mortgage, in which he was named as trustee, and the facts in respect to it are stated in the opinion of the court.

*W. D. Miller*, for appellant. ·

Appellant's property had been seized and levied upon, to the amount of $100 in value, for which he presented a claimant's issue. As to him, the amount involved was the value of the property seized and claimed—$100—and this determines the amount upon the question of jurisdiction. The claimant's issue is a proceeding wholly independent of the original judgment. *Bernheimer* v. *Martin*, 66 Miss., 486.

The attention of the court is particularly directed to the following authorities, which sustain the proposition, that, while the deed of trust may be void as to such property as the debtor . is, by stipulation or agreement, permitted to use or consume, it is valid as to the balance of the property embraced in it, and does not violate the whole instrument as a matter of law. *Ephram* v. *Kelleher*, 18 L. R. A., 604; *Re Kirkbride*, 5 Dill (Mo.), 116; *Donnell* v. *Byern*, 69 Mo., 468; *Bullem* v. *Barrett*, 87 Mo., 186; *Re Kahley*, 2 Biss., 383; *Rochlean* v. *Boyle*, 11 Mont., 451; *Garrellson* v. *Pegg*, 63 Ill., 111; *Barrett* v. *Fergus*, 51 Ill., 352; *Schermerhorn* v. *Mitchell*, 15 Ill., 418; *Davenport* v. *Foulk*, 68 Ind., 382; *Garland* v. *Rives*, 4 Rand. (Va.), 283; *Henderson* v. *Henton*, 26 Gratt., 926; *Williams* v. *Adams*, 6 Neb., 219; *Cook* v. *Halsell*, 65 Tex., 1 (s. c. 5 L. R. A., 139).

The right to sell or use the property must be expressed, in order to render the mortgage void as matter of law. If the

power of sale does not appear on the face of the mortgage, the court cannot declare it void. *Britton* v. *Creswell*, 63 Miss., 395; *Summers & Brannin* v. *Roos*, 42 Miss., 749; 46 Miss., 341.

*Boothe & Boothe* and *L. F. Rainwater*, for appellee.

The amount of appellees' judgment against Dye, and not the value of the property claimed by appellant, determines the question of jurisdiction. The limit provided for an appeal has reference to the debt, demand or damage in litigation, and not the interest on the judgment, or the costs or the per centum added to the judgment. *New Orleans, etc., R. R. Co.* v. *Evans*, 49 Miss., 785; *Jackson* v. *Whitfield*, 51 Miss., 202; *Ward* v. *Scott*, 57 Miss., 827; *Davis* v. *Holberg*, 59 Miss., 362; *Kiernan* v. *Germaine*, 62 Miss., 75.

In *Dreyfus* v. *Myers*, 69 Miss., 286, the court says: "The jurisdiction exercised by the court in trying the claimant's issue is only ancillary, for the purpose of determining what disposition it shall make of the property seized in a controversy in which the court has jurisdiction."

The question as to whether a deed of trust, being fraudulent and void as to a part of the property, is equally fraudulent and void as to all the property embraced in it, is too well settled to admit of argument. It is the settled law of this state, as well as a large majority of the other states, that a mortgage or deed of trust, being shown to be fraudulent, either upon its face or by evidence *aliunde*, that it is, as to all other creditors, fraudulent and void as to all property. *Harmon* v. *Hoskins*, 56 Miss., 142; *Joseph* v. *Levy & Co.*, 58 Miss., 845; *Britton* v. *Creswell*, 63 Miss., 394; *Tallman & Co.* v. *Tuttle Bros.*, 65 Miss., 492; *Bank* v. *Goodbar*, 73 Miss., 566; Bump on Fraudulent Conveyances, 126, 127, and a long list of authorities there cited.

It was the duty of the court to construe the deed of trust, and not leave it to the jury. *Bowman* v. *Roberts*, 58 Miss., 126.

CALHOON, J., delivered the opinion of the court.

The point that this court is without jurisdiction because the amount involved does not exceed $50, is not well taken. It would be good as against the defendant in execution, because the judgment was for less than $50, exclusive of interest and costs. But here the controversy is with a claimant whose property was seized to satisfy an execution for about $69, and the property levied on was of greater value than $50. So the claimant has his appeal. It often happens that in cases involving very trifling amounts the costs swell to large sums. While the defendant cannot invoke the amount of these costs to obtain jurisdiction for appeal, a claimant may do so; certainly where property he claims to own, which is resorted to for satisfaction, is of value exceeding $50, as in this case, and where, as in this case, the amount of the execution exceeds the jurisdictional sum.

The question on the solution of which our decision must be controlled arises out of the following state of facts: The claimant bases his right to the property on a trust deed in which he is named as trustee, executed by Mr. Dye to secure a Mr. Moore. Mr. Dye was a log merchant, engaged in cutting, shipping and selling logs. The trust deed not only conveys the horse and wagon involved in this litigation, and other personal property, but also conveys "all the log timbers, sawed and unsawed, . . . I now have on hand, . . . and all the log timbers I may have, or cause to be had, by any and all hands I may have working with me on any timber I may buy or own during the years 1899 and 1900." Mr. Moore, the beneficiary of the trust, testified, as a witness, that: "When Mr. Dye executed that deed of trust to me, he owed Mr. West, and he wanted me to take it up. He owed Mr. West $80, and he owed me an old account of $137, and said, if I would pay Mr. West and give him about $20, he would give me a deed of trust on this property and these logs, and he says: 'Now, I won't be able . . . I want to run along and get so I can do business. I want to

use these logs to get myself in shape, so I can do business.' I says, 'Go ahead, and do the best you can, and, when my deed of trust is due, I want you to come up and settle.'" *Q.* "Did you agree that he was to go on that way, and use the first logs?" *A.* "I agreed for him to go on and use part of them until he could get himself in shape."

Notwithstanding the good faith and honest purpose of both these men, in fact, still the law denounces a trust deed hampered by such an agreement or understanding as fraudulent and void as to creditors. The rule is a hard one, but it is too well settled by authority for us to disturb it. The understanding between Mr. Dye and Mr. Moore is the "fly in the ointment" which vitiates the instrument, not only as to the logs, but also as to everything else conveyed by it, so far as creditors of the grantor are concerned, and this is thoroughly well settled by authority.