PARRY MANUFACTURING COMPANY *v.* SAMUEL H. LOWENBERG
ET AL.

[41 South. Rep., 65.]

PRINCIPAL AND AGENT.   *Title reserved.    Unauthorized sale.*

The title to chattels passed to defendant, where the plaintiff, by an unrecorded instrument, reserved title in himself, but gave possession to an agent, with power to sell the property and retain a commission from the proceeds, reporting to plaintiff from time to time, and the agent turned the goods over to defendant, who was without notice of plaintiff's interest, to sell and distribute the proceeds between himself and the agent's other creditors.

FROM the circuit court of Adams county.

HON. MOYSE H. WILKINSON, Judge.

The Parry Manufacturing Company, an Indiana corporation, the appellant, was plaintiff in the court below; Lowenberg and

others, partners doing business under the firm name of I. Lowenberg & Co., the appellees, were defendants there.     The action was replevin for a large number of carriages, buggies and other wheeled vehicles.     The facts are stated in the opinion of the court.

*A. H. Geisenberger,* for appellant.

The transfer to Lowenberg & Company was simply an assignment for the benefit of creditors, and in no sense were they. *bona fide* purchasers, nor otherwise than assignees for the benefit of the creditors of Harvey.

The appellee, in the court below, relied upon the case of *Columbus Buggy Co.* v. *Turley,* 73 Miss., 529 (s.c., 19 South. Rep., 232), and upon the text in Bump on Fraudulent Conveyances (3d ed.), 122, "Possession with *Jus Disponendi.*"

The case of *Columbus Buggy Company* is entirely different from this, as there the sale was made for the purpose of paying the debt due to Turley & Parker, and was in no sense whatever an assignment for the benefit of creditors.

Besides, in this case, there is no question of the business sign law, as in the *Turley* case.

This court had repeatedly held that an assignee for the benefit of creditors was not a purchaser for value, and that he stood in no better position than did his assignor.     *Paine* v. *Hotel Co.,* 60 Miss., 360 ; *Paine* v. *Sykes,* 72 Miss., 351 (s.c., 16 South. Rep., 903).

The law cited from Bump with reference to a mortgage, where the mortgagor was left in possession of the property mortgaged, with right to dispose of it, is inapplicable because this is an entirely different case from that ; here the relation of mortgagor and mortgagee never existed in any manner, shape or form.

*Ratcliff & Clinton,* for appellees.

The appellees defend on the ground that such a contract as this is fraudulent and void, and the appellant is estopped from set-

ting up the claim of ownership of the property under this contract as against these appellees, they being creditors of Harvey to an amount largely in excess of the value of the property delivered to them for the payment of their debts and others, they being absolutely ignorant of any secret claim of the appellant. Of course we do not contend that a sale of personal property with reservation of title in the vendor until payment is made is not perfectly good.   But we do contend that where the property is sold to a trader, and it is expressly provided in the contract of sale that the vendee shall have the right of resale, the contract is void as against *bona fide purchasers for value.*   The appellees were creditors of Harvey to an amount in excess of the value of the property involved in this suit, and they had a perfect right to have subjected the property to their demands by proceeding at law to judgment and execution, and what the law would have done it was permissible for the parties to do.   *Howe* v. *Kerr,* 69 Miss., 311 (s.c., 13 South. Rep., 730).

The buyer (Harvey), in this case was in possession of the property, and not only clothed with all the *indicia* of ownership, but by the contractor itself with the *jus disponendi* is unequivocally conferred on him.   To permit the vendor in a conditional sale of personal property, bought in the course of trade for resale, to retain title and at the same time authorize the buyer to resell, would operate as a fraud upon innocent purchasers.   *Columbus Buggy Co.* v. *Turley,* 73 Miss., 537 (s.c., 19 South. Rep., 232).

CALHOON, J., delivered the opinion of the court.

The appellant company turned over to W. H. Harvey, of St. Joseph, La., a lot of vehicles under a contract reserving title, but giving him the power to dispose of them as their agent, allowing him commissions as such and requiring reports from him, he being a general merchant.   He became indebted to appellees and others, and shipped to appellees, I. Lowenberg & Co., which firm was one of these creditors, to Natchez, Miss., a lot of these vehicles to sell and to distribute the proceeds *pro rata* to his debts to

that firm and his other creditors. The contract between appellant and Harvey reserving title was never recorded, and none of the appellees had any notice of it, or that any one except Harvey had any claim on the vehicles. The case arises out of an action of replevin by the company.

We are unwilling to extend the rights of the owner who turns over property, with reservation of title, but giving the *jus disponendi,* beyond the present limits allowed by the authorities. This court has held in *Columbus Buggy Co.* v. *Turley,* 73 Miss., 537 (s.c., 19 South. Rep., 233; 32 L. R. A., 260; 55 Am. St. Rep., 550), under like circumstances, that a creditor, taking from the holder one of the articles in payment of a debt to him, got a good title. In the case before us, I. Lowenberg & Co. were not mere naked trustees, but interested, in that they were creditors and were to get their share of the proceeds in payment *pro tanto* of the debt due them. So we think the title passed from Harvey to them in the case now in hand.

*Affirmed.*