WILLIAM WATTS *v.* WILLIAM M. AINSWORTH.

. [42 South. Rep., 672.]

1. SALES. *Reservation of title. Bona fide purchaser.*

> The seller of a mule can, on default in payment of the price evidenced by his vendee's note, maintain replevin for the animal against a *bona fide* purchaser from the vendee, where title was reserved by the terms of the note, and the vendee was not engaged in the business of selling mules, and the seller did not sell to him for resale, nor authorize him to resell, the note, on the contrary, stipulating that in the event of a resale the same should instantly become due. *Columbus Buggy Co.* v. *Turley,* 73 Miss., 529 (19 South. Rep., 232), and *Parry Mfg. Co.* v. *Lowenburg,* 88 Miss., 532 (41 South. Rep., 65), distinguished.

2. SAME. *Evidence. Declarations of seller. Admissibility.*

> Where the seller of a mule may assert the title reserved in himself until payment of the price against his vendee and all purchasers claiming under him, conversations between the seller and a third person who had previously bought from the vendee and sold to defendant as to the balance due on the price are inadmissible in the seller's action of replevin for the animal.

FROM the circuit court of Copiah county.

HON. DAVID M. MILLER, Judge.

Ainsworth, the appellee, was plaintiff in the court below; Watts, the appellant, was defendant there. From a judgment in plaintiff's favor the defendant appealed to the supreme court.

The plaintiff, Ainsworth, sued out a writ of replevin in the justice's court against defendant, Watts, for a mule, which was seized by the constable and bonded by appellant. On the trial the case was decided against plaintiff, who appealed to the circuit court, where he recovered a judgment for the return of the mule or the value thereof. The mule in question, together with another mule, had formerly been sold by plaintiff to one

Fletcher, who gave the following note for part of the purchase money:

"On demand and after date, for value received, I promise to pay W. M. Ainsworth two hundred and 00/100 dollars, said two hundred and 00/100 dollars being the purchase money for one light-blue mule, about five years old, about fifteen hands high, and for one bay horse mule, about six years old and about fifteen and one-half hands high, said above described light-blue mare mule and bay horse mule to remain the property of the said W. M. Ainsworth until paid for in full, with interest from date at the rate of ten per cent per annum. It is further agreed that if I sell, trade, or otherwise dispose of the above described mules, or either of them, this note becomes immediately due and payable."

Fletcher sold the mule in question to one Nix, telling him at the time that there was a balance due on the two mules. Nix afterwards sold it to one Oscar Watts, from whom appellant purchased it. Defendant testified that at the time he purchased the mule he knew nothing of any claim of appellee against it. The court excluded testimony offered by Nix relative to a conversation had between him and Ainsworth as to the balance due on the mule after the sale to defendant had been consummated, and gave a peremptory instruction for Ainsworth.

*Longino, Willing & Wilson,* for the appellant.

Cited *Columbus Buggy Co.* v. *Turley,* 73 Miss., 529; *Lewenberg* v. *Hayes,* 64 Am. St. Rep., 215; 32 Am. Dec., 541, and note; 3 Am. St. Rep., 184, 198; 67 Am. Dec., 118.

*J. S. Sexton,* for the appellee.

A purchaser of property, the title to which was reserved by the original vendor, is bound to the same extent as the original vendee, unless, as in *Columbus Buggy Co.* v. *Turley,* 73 Miss., 529, and the other cases cited for appellant, the original vendor

has done something inconsistent with right to assert title to the property.

MAYES, J., delivered the opinion of the court.

This case is differentiated from the case of *Columbus Buggy Co.* v. *Turley,* 73 Miss., 529 (19 South. Rep., 232; 32 L. R. A., 260; 55 Am. St. Rep., 550). In the case, *supra,* the Columbus Buggy Company sold to one Smitha, a trader, being actively engaged in the business of hiring and selling carriages and buggies, and being given in the contract itself authority to sell the articles sent to him by the Columbus Buggy Company. Smitha sold some of the buggies to Turley in satisfaction of a debt he owed him, and the Columbus Buggy Company brought an action in replevin for the vehicles, claiming that they had reserved title in themselves; and the court, in passing on the question, says: "What effect shall be given these inconsistent terms, when the buyer is not only apparently clothed with all the indicia of ownership, but when, by the contract itself, the *jus disponendi* is unequivocally conferred on the buyer? It would seem that only one answer can be returned to these questions. To permit the vendor in a conditional sale of personal property, bought in the course of trade for resale, to retain title and at the same time authorize the buyer to resell, would operate as a fraud upon innocent purchasers." *Columbus Buggy Co.* v. *Turley,* 73 Miss., 537 (19 South. Rep., 233; 32 L. R. A., 260; 55 Am. St. Rep., 550). In the note given in this case, no right of sale is given, but by express terms the note is made to fall due in case the vendee makes a sale of the property, trades, or otherwise disposes of same. Mr. Ainsworth states that he did not authorize Mr. Fletcher to make a sale, and the testimony of the other witnesses in the case fails to show that any sale was ever authorized by Mr. Ainsworth. It is not shown that Fletcher was engaged in the business of selling horses and mules, and that Mr. Ainsworth knew this and sold to him for purposes of resale.

This being the case, he does not bring himself within that rule which estops the vendor in a conditional sale, reserving title in himself, from asserting his title both as against his immediate vendee and any purchaser from him.

It was not error for the court to exclude the testimony of Mr. Nix as to a conversation he had with Mr. Ainsworth after he bought the animal in question. He had acted, and bought, before he saw Ainsworth; and at that time Ainsworth told him that there was a balance, but did not tell him how much, and Mr. Nix says he did not ask him. In all the cases which hold that a party selling goods is estopped to deny that title passed, on examination it will be seen that the party selling actually or constructively knew that they were to be sold by the purchaser and acquiesced therein. In the case of *Parry Mfg. Co.* v. *Lowenburg,* 88 Miss., 532 (s.c., 41 South. Rep., 65), vehicles were sold under a contract reserving title, but giving the purchaser power to dispose of them, and the court held that such a contract could not be upheld as against a *bona fide* purchaser. In the case of *Lewenberg* v. *Hayes* (Me.), 39 Atl. Rep., 469 (64 Am. St. Rep., 215), this same distinction is made.

*Affirmed.*