A. C. SEAVEY AND SONS *v.* J. I. GODBOLD.

[54 South. 838.]

1. LANDLORD AND TENANT.    *Rent and supplies.    Estoppel.    Agent.*

> Where a tenant sells cotton raised on the leased premises with the landlord's consent and the purchaser pays part of the proceeds to the landlord for his rent and the balance to the tenant and the landlord fails to disclose to the purchaser when he is paid the rent that he has also a claim for supplies, he is estopped from afterwards asserting his claim for supplies against the purchaser.

2. SAME.

> In such case the tenant is the agent of the landlord to make the sale of the cotton and if he fails to account for the proceeds of the sale the purchaser cannot be made to suffer on account thereof.

APPEAL from the circuit court of Lincoln county.
HON. D. M. MILLER, Judge.

Suit by J. I. Godbold against A. C. Seavey and Sons et al.    From a judgment for plaintiff defendant appeals.

The facts as shown by the record are:    That one Joe Keene rented land from appellee, Godbold, for the sum of one hundred dollars.    It seems that he brought four bales of cotton to market, two of which were claimed to

have been raised by his son, Luther Keene, on the land rented from appellee. The Keenes, Joe and Luther, met Godbold in the city of Brookhaven, in compliance with a letter written by Godbold to Joe Keene, and brought the cotton with them. With Godbold's consent, the Keenes took samples of the cotton to several merchants, and finally sold same to appellants. Appellants paid Luther Keene for two bales, and at Joe Keene's instance paid appellee one hundred dollars for the rent. At the time of the settlement, appellee made no demand for the cotton sold by Luther Keene, nor did he assert any claim to it because of any lien. It appears from the record that Godbold had advanced certain supplies to Joe Keene, amounting to eighty-four dollars and ninety-five cents, which amount he demanded of Luther Keene out of the proceeds of the sale of his cotton, and, being refused, instituted suit against Joe Keene and the Seaveys. There was a judgment in favor of the appellee against appellants and Keene, from which this appeal is taken. At the time the cotton was sold to appellants, no notice was given appellants that appellee claimed a lien for supplies on the two bales claimed as the cotton of Luther Keene and for which appellants paid Luther Keene. It is the contention here of appellants that the actions of Godbold amounted to a waiver of any lien thereon, since they permitted the Keenes to market the cotton and receive payment therefor without objection.

*A. C. & G. W. McNair,* for appellants.

It will be noted especially that Godbold, the landlord, permitted both Luther and Joe Keene to make the sales of all the cotton on which he claimed a lien, and knew that Joe and Luther Keene were operating together and that they were selling together; still, when the settlement was made with Seavey & Sons, and Joe Keene in Godbold's presence, when he, Godbold, received from Seavey & Sons one hundred dollars, Godbold remained

silent and did not call Seavey's attention to any other claim he had on the cotton. We say that that was the time for him to speak, and failing to do so, he cannot now be heard to complain. His conduct on that occasion was misleading and he is estopped by it. We submit that the cases of *Cohn* v. *Smith,* 64 Miss. 816 and *Mc-Cormick* v. *Blum,* 75 Miss. 81 are decisive of this case in appellant's favor. When Mr. Godbold stood by and allowed Joe and Luther Keene to sell the Cotton as their own without disclosing his lien to Seavey & Sons, he cannot afterwards recover from Seavey & Sons the cotton or its proceeds. *Thompson* v. *Blanchard,* 4 N. Y. 303; *Brooks* v. *Record,* 47 Ill. 30.

*C. V. Ratcliff,* for appellee.

Counsel says something about Seavey & Sons purchasing without notice. This fact does not affect the right of the landlord to recover. See *Eason* v. *Johnson,* 69 Miss. 371; *Warren* v. *Jones,* 70 Miss. 202; *Ball* v. *Sledge,* 82 Miss. 749, and many others. This doctrine is too well settled to cite authority.

Did the plaintiff waive his lien as a landlord? This issue was clearly and properly submitted to the jury and they found that the plaintiff did not waive his lien, and brought a verdict for him for the sum due for supplies. Counsel refers to the clause in appellee's testimony, where he said, "if consenting for him, Keene, to try the market that day and find a sale of it, waives it, I waived it." Counsel ought to have followed up the testimony. The next question is, "Then you did not waive it?" His answer is, "No, sir, I did not." Counsel contends that his conduct waived it. He cites 64 Miss. 816; 75 Miss. 81. These cases are not in point at all in the instant case.

MAYES, C. J., delivered the opinion of the court.

Under the facts of this case, Mr. Godblood has no right to a judgment against appellants. What Godbold did amounted to a virtual appointment of the Keenes as his agents to make a sale of the cotton on which he had a landlord's lien, and if they failed to carry out the trust thus reposed in them, and make due return of the proceeds, innocent parties cannot be made to suffer on account thereof. Mr. Godbold testifies for himself, and is much to be commended for his frankness; but, taking his own testimony, it conclusively shows that he is estopped to deny that the Keenes had authority to dispose of the cotton in question.　　　　*Reversed and remanded.*