OVERALL *v.* STATE.

[90 South. 484, No. 21979.]

FALSE PRETENSES. *Vendor not informing purchaser of lien not guilty where purchaser knew of it.*

Under section 1168, Code 1906 (section 895, Hemingway's Code), the seller of incumbered property who fails to inform the purchaser of the exact *status* of the property as affected by the lien is not guilty of obtaining money under false pretenses where the purchaser knows of the lien before purchase; there being no deception and injury of purchaser by seller within the spirit of the statute.

APPEAL from circuit court of Chickasaw county.
HON. W. A. ROANE, Judge.

J. N. Overall was convicted of obtaining money under false pretenses, and he appeals. Reversed, and defendant discharged.

*J. H. Ford,* for appellant.

It is very evident that Smith knew of Busby's claim to a landlord's lien on the cotton before he paid for it and thus completed the sale. Therefore, if the owner has knowledge of the truth or does believe the pretense or believing it, yet parts with the property on some other inducement, or investigates it and parts with the property relying entirely on the results of his investigation, the crime has not been committed. 19 Cyc. 406.

The statute is against deceiving people by having the purchasers of property innocently pay out their good money for it and then later discovering that the property was covered by a lien. But if the purchaser buys the property and pays for it knowing there is a lien claimed against it, he does so at his own risk and is not protected by the statute whether he knew of the lien by being told thereof by the sellers or otherwise. It is just the same to him if he knows of the lien regardless of how the information comes to him. In this case Smith paid for the cotton after he was informed of the claimed lien by the very man who claimed to have it. Indeed, Mr. Smith is not the prosecutor here and is not complaining; the prosecutor in this case is the Bank of Houston who received the full benefit of the sale of the cotton. The bank lost nothing by the transaction. It was not bound to Smith to make the landlord's lien good to him, for if that were true, then appellant could not be convicted of selling the cotton to Smith, whereas in truth and fact it was sold by him to the bank or W. E. Scott. They paid the judgment against Smith voluntarily and without giving him a chance to appeal the case; they didn't want to be bothered with it.

The bank also knew of the claim of Busby before the settlement with appellant. The prosecution was one purely to compel appellant to pay the sixty dollars he did not owe without an opportunity to demonstrate in the proper forum that he did not owe it. So, we earnestly insist that the peremptory instruction to find appellant not guilty should have been given.

*D. C. Enochs,* assistant attorney-general, for the state.

Opposing counsel next contends that the verdict was contrary to the law and evidence, because the purchaser knew of the *status* of the cotton as affected by all liens in favor of the landlord, at and before he paid for the cotton.

It is true that the purchaser took the stand in behalf of appellant, and testified that before he had paid for the cotton he had a conversation with the landlord wherein the landlord stated to him that the sale of the cotton by his tenant was entirely satisfactory to him. But the landlord denied having any such conversation with the purchaser, and especially that he consented to a sale of the cotton by his tenant. The court charged the jury on behalf of appellant, that in any event they should acquit the defendant, if the landlord consented for the defendant to sell the cotton, or if the landlord so acted, talked, or conducted himself, as to lead the appellant reasonably to believe that he did consent, and before they could convict the appellant, they must believe beyond a reasonable doubt that the landlord did not so consent.

So that the point here insisted on by opposing counsel was put squarely up to the jury, and the jury believed what the landlord said about it, which was within the province of the jury to do. It, therefore, cannot be said that the verdict in this case was contrary to the law and the evidence because if the jury believed the evidence on behalf of the state, they were bound by oath to find the appellant guilty as charged. So much for this point insisted on by opposing counsel.

HOLDEN, J., delivered the opinion of the court.

The appellant, Overall, was convicted on a charge of obtaining money under false pretenses by virtue of his having sold a bale of cotton upon which there was a landlord's lien without informing the purchaser of the exact

state of the property as affected by the lien thereon. From the conviction and sentence of one year in the penitentiary, this appeal is prosecuted.

The indictment is drawn under section 1168, Code of 1906 (section 895, Hemingway's Code), which provides as follows:

"If any person shall sell . . . any property . . . on which he knows there is a lien of any kind . . . without informing the person to whom he so sells . . . of the exact state of the property as affected by said . . . lien . . . thereon, he shall be guilty of obtaining under false pretenses whatever he received from the person dealing with him, and shall, on conviction, be punished therefor, as for obtaining goods under false pretenses."

The proof in the case for the state is substantially as follows:

The appellant, Overall, was the tenant of Jeff Busby for the year 1919, and as such tenant raised a bale of cotton upon which Mr. Busby, as landlord, had a lien for sixty dollars. Appellant, without the consent of Mr. Busby, and without informing his purchaser of the exact state of the property as affected by said landlord's lien, sold the cotton to B. N. Smith, and received payment therefor. Afterwards the landlord, Mr. Busby, sued and obtained judgment against Smith for the amount due as a lien upon the cotton. The indictment and conviction of appellant followed.

At the trial Smith, the purchaser of the cotton, testified that before he paid Overall the purchase money for the cotton Mr. Busby, the landlord, informed him (Smith) that—"Overall lived on my place and I have a landlord's lien on that cotton, and there is a settlement pending between me and Overall, and it will be all right."

This testimony by Smith, the purchaser, that he was notified by Busby of the landlord's lien before he bought and paid for the cotton from appellant, is undisputed in this record. Mr. Busby does not deny informing Smith of his lien on the cotton before Smith had completed the pur-

chase and paid for it, but Busby does deny that he told Smith that it would be all right to go ahead and purchase it. This latter conflict between Smith and Busby was settled by the jury in favor of the state; but there is no dispute of the fact that Smith knew that Busby had a landlord's lien on the bale of cotton at the time he purchased and paid for it, and that a settlement was pending between Busby and Overall.

The appellant presents several grounds for reversal, but we shall notice one only, and that is whether the evidence offered by the state is sufficient to sustain a conviction for obtaining money under false pretenses.

The exact point to be considered in determining the question of whether the state's proof sustains the charge, is this: Can there be a conviction of false pretenses under the statute involved where it is shown, without dispute, that the purchaser of the incumbered property had knowledge of the lien before he purchased it? It will be noted that the statute prescribes that "the exact state of the property as affected by the lien" shall be disclosed by the seller to the purchaser, and the failure to do this shall constitute false pretenses.

The appellant in this case did not inform the purchaser of the exact *status* of the property with reference to the lien. It would therefore appear that there has been a violation of the letter of the statute. But, the question arises, Was there a violation of the spirit of the statute? If there be no violation of the spirit, then the appellant is guilty, of no offense, because the spirit, and not the letter, must control in the construction of the law.

We are of the opinion that the facts in this case fail to sustain a conviction of obtaining money under false pretenses. The purpose of the statute was to provide that, where a person obtains money or property from another by the sale of property upon which there is a lien, and the purchaser has been deceived by the seller with reference to the exact title of the property in not disclosing the lien,

whereby the purchaser is defrauded, then the seller is guilty of obtaining by false pretenses.

But where the purchaser, as the undisputed evidence in this case shows, had prior knowledge, by express notice, that the landlord's lien upon the cotton existed, and that a settlement between the landlord and the tenant was then pending, there was no deception practiced by the seller upon the purchaser by failure to disclose, because the purchaser already knew the *status* of the property. The main object of the statute is to protect purchasers against deceit and injury by sellers who know the property is incumbered, by requiring that the seller must disclose its exact *status*. So, if there is no deception of the purchaser, or, to put it in another way, if the purchaser knows what be is buying—knows there is a lien upon the property—and he purchases it, then he is not deceived and injured by the seller, and consequently nothing is obtained by false pretenses, and there is no violation of the law.

Following the views expressed above, the judgment of the lower court is reversed, and the appellant discharged.

*Reversed, and appellant discharged.*