Simmons *v.* State.

(Division B.   June 8, 1931.)

[135 So. 196.   No. 29413.]

Anderson & Buchanan, all of Hattiesburg, for appellant.

Currie & Currie, of Hattiesburg, for appellant.

E. B. Ethridge, Special Agent, for the state.

Argued orally by **N. T. Currie**, for appellant, and by **Eugene B. Ethridge**, Assistant Attorney-General, for the state.

**Anderson, J.,** delivered the opinion of the court.

The appellant was indicted and convicted in the circuit court of Marion county, under section 921 of the Code of 1930, of the crime of obtaining from I. T. Robertson the sum of five hundred fifty dollars on false pretense, and was sentenced to the penitentiary for a term of two years. From that judgment he prosecutes this appeal.

The statute under which appellant was indicted and convicted follows: ''If any person shall sell, barter or exchange or mortgage, or give deed of trust on, any property, real or personal, which he had before sold, bartered or exchanged, or obligated himself to sell, barter or exchange, or which he had mortgaged, or in any manner encumbered, or on which he knows there is a lien of any kind by contract or by law, without informing the person to whom he so sells, barters, exchanges, or bargains, or mortgages or gives deed of trust on it, of the exact state of the property as affected by said acts or of the lien or incumbrance thereon, he shall be guilty of obtaining under false pretenses whatever he received from the person dealing with him, and shall, on conviction, be punished therefor, as for obtaining goods under false pretenses.''

The evidence made the following case for the state: Appellant was an automobile dealer. He got a shipment of De Soto automobiles for which he had contracted to pay the sum of two thousand seven hundred ninety-seven dollars and twenty-eight cents. The seller of the automobiles drew a draft on appellant for the sale price, with bill of lading attached; appellant was therefore unable

to get possession of the automobiles without first paying the purchase price. He borrowed the required amount for this purpose from the Citizens' Bank of McHenry for which he gave his note, and a mortgage on the automobiles to secure the same. Thereupon appellee paid the draft, took the automobiles, and put them on display at his sales place. The mortgage is silent as to whether or not appellant should have power to resell the automobiles in the ordinary course of his business; but at the time of the execution of the mortgage it was understood by both parties that he should have that right, with this qualification; that no sale should be made without the written consent of the mortgagee. In other words, it was agreed that the mortgagee should be a party to every sale appellant might make. These provisions, however, are not provided for in the mortgage, but rested entirely in parol. .

Appellant was engaged in the business of selling and exchanging automobiles, and this shipment of De Soto automobiles constituted part of his stock in trade. Appellant sold I. T. Robertson one of the De Soto automobiles, for which Robertson paid him the sum of five hundred seventy-five dollars in cash, and delivered to him, to cover the balance of the purchase price, a second-hand Dodge automobile. Appellant failed to inform Robertson that the Citizens' Bank of McHenry had a mortgage on the automobile, and the fact was undisputed that Robertson, when he purchased the automobile, knew of no such mortgage or lien of any character against it. The mortgage to the bank was not recorded until about a month after appellant had consummated the sale of the automobile to Robertson.

Appellant contends that the gist of the crime under the statute is an intent to cheat and defraud the purchaser; and that there was no such intent, because the mortgage to the bank, being on a stock of goods in trade, was void both as to creditors and bona fide purchasers without no-

tice from the mortgagor. In other words, appellant's position is that under the law Robertson got a good title to the automobile as against the mortgagee; therefore he was not defrauded, and could not have been; and no fraud having been perpetrated on Robertson in the transaction, the statute was not violated by appellant.

To sustain the conviction, the state relies largely on State v. Mitchell, 109 Miss. 91, 67 So. 853. It is true, the court in its opinion in that case, made the broad statement that the sale of property under a lien, coupled with the failure to disclose the fact of the lien to the seller, constituted the statutory crime; that the absence of any intent to defraud would not avail as a defense, and therefore it was unnecessary to allege in the indictment a fraudulent or felonious intent. However, the language of the indictment, upon the legal sufficiency of which the court was passing, did not justify such broad language, for the indictment sufficiently alleged that the purchaser had been defrauded. Conceding, however, that the language of the court in that case was decision, the principles therein declared have since been modified, if not in part overruled, in the case of Overall v. State, 128 Miss. 59, 90 So. 484, in which the court distinctly held that the gist of the offense under the statute was an intent on the part of the seller to cheat and defraud the purchaser; and if the latter was not defrauded, there was no crime.

A mortgage on a stock of goods in trade where it is either provided in the mortgage, or the agreement rests in parol, that the mortgagor is to retain possession, with the power to sell and add to his stock, in the usual way the particular character of business is carried on, is per se fraudulent and void as to the creditors of the mortgagor. Britton v. Criswell, 63 Miss. 394; Andrews v. Partee, 79 Miss. 80, 29 So. 788.

For at least as strong a reason, a bona fide purchaser without notice from such a mortgagor gets a good title

against the mortgagee. It was held in Citizens' Savings & Investment Co. v. Hunt's Garage, 128 Miss. 535, 91 So. 133, that a vendee of goods under a contract reserving title in the vendor until the purchase money was paid, intending at the time of the purchase, with the knowledge of the vendor, to resell the goods in the ordinary course of business, had the right to dispose of them to a bona fide purchaser or incumbrancer, without notice, free from any claim of the vendor; that the vendor, having clothed the vendee with apparent ownership of the goods, was estopped to deny that he was the true owner thereof, against bona fide purchasers and incumbrancers for value, citing Columbus Buggy Co. v. Turley, 73 Miss. 529, 19 So. 232, 32 L. R. A. 260, 55 Am. St. Rep. 550; Parry Mfg. Co. v. Lowenberg, 88 Miss. 532, 41 So. 65.

We think that principle is controlling in this case. Here we have the purchase of the automobile by Robertson from appellant; it is a purchase for value; and without notice to Robertson either constructive or actual, that there was any lien on the automobile. The mortgagee was estopped to assert his claim against the purchaser. Robertson was not cheated and defrauded by appellee in the transaction, and could not have been. The gist of the crime, as above stated, is the intent on the part of the seller to cheat and defraud the purchaser. Where the fraud is impossible of accomplishment, there can be no criminal intent—the intent is harmless.

It results from these views that the court should have directed a verdict for the defendant of not guilty.

Reversed, and defendant discharged.