### DICKERSON *v.* STATE.

No. 39710          May 16, 1955          80 So. 2d 74

*A. K. Edwards,* Mendenhall, for appellant.

*Joe T. Patterson,* Asst. Atty. Gen., Jackson, for appellee.

GILLESPIE, J.

Appellant was indicted, tried, and convicted of the crime of selling three bales of cotton on which there was a lien, without informing the purchaser of the exact status of the cotton as affected by said lien, with intent to cheat and defraud the purchaser. Section 2151, Mississippi Code of 1942.

The lien was a deed of trust given by appellant Simmons to secure furnish to appellant for the year 1952. The testimony of Simmons, who testified with commendable candor against his own interest, showed that he had been dealing with appellant for several years prior to

1952, and the latter had always sold his cotton and brought Simmons the money. While the proof shows that for the year 1952 Simmons did not tell appellant to sell the cotton and bring him the money, this was done. Simmons knew appellant was selling the cotton and made no objection, and Simmons knew that so much as was paid on appellant's account secured by the 1952 deed of trust came from cotton sold by appellant. It was shown that appellant was in control of the cotton, and disposed of it, and deposited the proceeds to the account of Simmons, except as to the three bales mentioned in the indictment. "This course of dealing, this knowledge and permission of the landlord, constitute in effect an appointment of the tenant as his agent to dispose of the cotton on which the lien existed." Judd v. Delta Grocery & Cotton Co., 133 Miss. 866, 98 So. 243. Seavey & Sons v. Godbold, 99 Miss. 113, 54 So. 838, was cited and approved in the Judd case.

Under the rule announced in the Judd and Seavey cases, Simmons could not recover from appellant's vendee the three bales of cotton or its value.

The gist of the offense with which appellant was charged was an intent on the part of appellant, the seller of the cotton, to cheat and defraud the purchaser; and if the latter was not defrauded, there was no crime. Overall v. State, 128 Miss. 59, 90 So. 484; Simmons v. State, 160 Miss. 582, 135 So. 196. The purchaser of the cotton was not cheated and defrauded, and could not have been. The lien had been waived. The directed verdict should have been given.

Reversed and appellant discharged.

*McGehee, C. J.,* and *Hall, Kyle* and *Arrington, JJ.,* concur.