QUIVER GIN CO. v. LOONEY *et al.**

(Division B.    Jan. 3, 1927.    Suggestion of Error Overruled Jan. 31, 1927.)

[111 So. 107.    No. 26067.]

1. BAILMENT. *Ginner who gins and bales cotton for market has lien thereon for his charges (Hemingway's Code, section 2400).*
   Under Code 1906, section 3042 (Hemingway's Code, section 2400), ginner to whom cotton is delivered by owner and who gins and bales it for market has a lien thereon for his charges.

2. BAILMENT.  *Ginner's lien may be waived by course of dealing be-*
   *tween parties (Hemingway's Code, section 2400).*
   Ginner's lien, under Code 1906, section 3042 (Hemingway's Code,
   section 2400), may be waived by course of dealing between par-
   ties thereto.

3. BAILMENT.  *Ginner turning over gin receipts received on delivery*
   *of cotton to compress held to have waived his lien thereon (Hem-*
   *ingway's Code, section 2400, Hemingway's Code Supp. 1921, sec-*
   *tions 7957a-7957jj2).*
   Ginner, who, after ginning and baling cotton for market, delivered
   it to compress and received gin receipts, which were turned over
   to owner, who thereafter received negotiable warehouse receipts,
   under Laws 1920, chapter 218 (Hemingway's Code Supp. 1921,
   sections 7957a-7957j2), *held* by such course of dealing to have
   waived his lien for ginning charges, under Code 1906, section
   .3042 (Hemingway's Code, section 2400).

4. HUSBAND AND WIFE.  *Gin charges may not be 'recovered against*
   *wife because husband, without her knowledge and consent, had*
   *cotton, ginned in her name.*
   Ginner may not recover charges for ginning and baling cotton for
   market against wife of owner on sole ground that husband, with-
   out her knowledge and consent had his cotton ginned in her
   name.

   *Corpus Juris-Cyc. References: Bailments, 6 C. J., p. 1133, n. 99; p.
   1135, n. 41; Husband and Wife, 30 C. J., p. 620, n. 8, 11.

APPEAL from chancery court of Sunflower county.
HON. E. N. THOMAS, Chancellor.

Suit by the Quiver Gin Company against T. A. Looney
and others.  Decree of dismissal, and plaintiff appeals.
Affirmed.

*H. C. Mounger,* for appellant.

This is a case where the gin company claims a lien on
the cotton seized to enforce its lien for ginning certain
cotton described.  It was the custom of all gins to de-
liver the cotton to the compress.  This cotton was placed
in the compress for storage.  But the gin company had no

intention of releasing its lien.  The question of releasing the lien is a question of intention.  The gin company delivered the cotton to the compress for Looney, the true owner.  It should not be condemned for delivering the cotton to the true owner.  The ginner's lien is a lien given by the statute.  Section 2400, Hemingway's Code.

A ginner to whom cotton is delivered by the owner and who gins the same has a lien for his charges paramount to all others, except that of the landlord.  *Irwin* v. *Miller*, 72 Miss. 174, 16 So. 678; *Duncan* v. *Jayne*, 76 Miss. 133, 23 So. 392.

Read in their broadest sense, the words of the statute give a lien on the whole crop for work done on any part of it, and in the case of a laborer, it has been so applied. *Lumbley* v. *Thomas*, 65 Miss. 97; *Irwin* v. *Miller*, 72 Miss. 174, 178.  Notice has nothing to do with the question. *Powell* v. *Smith*, 74 Miss. 142; *Powell* v. *Smith*, 74 Miss. 151.

Releasing the lien is a question of intention.  The complainant's witness, the president of the gin company, should have been permitted to answer the question as to intention to release lien by having cotton hauled to compress.  The question of waiver was one of fact for the jury.  All testimony illustrative of this intent to waive should be received.  And for this reason the court should have permitted the testimony that the cotton had been shipped to New Orleans with the consent of the plaintiff, if such testimony could be made.  Waiver is the intentional relinquishment of a well known right.  28 Am. and Eng. Ency. L. 526; *Powell* v. *Smith*, 74 Miss. 152; 37 C. J., page 334.

So the witness for the gin company should have been permitted to testify as to his intention in delivering the cotton to the compress company for the owner whether or not he intended to release the cotton.  *Cansler* v. *Sallis*, 54 Miss. 446.

As the ginner's lien is a statutory one, it is not dependent on possession. Parting with possession does not release the lien. 32 C. J. 326; *Irwin* v. *Miller,* 72 Miss. 174; section 2401, Hemingway's Code. It makes no difference whether the cotton belonged to B. Looney or T. A. Looney. They are both parties to the suit. This is an action both *personam* and *in rem. Mays* v. *Williams,* 61 Miss. 125. The cotton was liable for the charges, it makes no difference to whom it belonged.

*S. L. Gwin* and *C. B. Snow,* for appellees.

Looney carried his crop to appellant's gin as it was picked and ready to be ginned. Appellant ginned it and delivered it to the compress itself, and gave to Looney a gin ticket bearing the gin number and weight of each bale for the purpose of identification thereof. Looney took his gin tickets and went to the compress and received for each bale of cotton a negotiable warehouse receipt and this appellee purchased the two bales of cotton above mentioned from Looney by the purchase of the negotiable warehouse receipts for value, in due course and without notice of any lien thereon. The gin company had no intention of exercising a ginner's lien on said cotton, but delivered the same to the compress for Looney, and charged him with the ginning on its books, and did not even send him a bill therefor until the ginning season was over, and expected him to pay for the ginning either in money or by check.

Such handling of the cotton constitutes a waiver of any lien which appellant might have had on the two bales of cotton owned by this appellee and brings it directly within the rule announced by this court in *Patterson* v. *Jones Mercantile Company,* 78 So. 294, 117 Miss. 355; *McGee* v. *Carver,* 106 So. 760; *Tonnar* v. *Washington & Issaquena Bank,* 105 So. 750, 140 Miss. 875; *Cohn* v. *Smith,* 64 Miss. 816, 2 So. 844; *Seavey* v. *Godbold,* 99

Miss. 113, 54 So. 838; *Phillips v. Thomas,* 91 So. 420, 128 Miss. 729.; *Judd v. Delta Grocery Co.,* 98 So. 243, 133 Miss. 866; *Commercial Nat'l Bank* v. *Canal Louisiana Bank, etc.,* 36 Sup. Ct. Rep. 194, 239 U. S. 520, 60 L. Ed. 417.

The chancellor held that the facts in this case constituted a waiver by the gin company of any lien which it might have had on the cotton purchased by this appellee, and we are confident that the decree of the lower court will be affirmed.

*J. E. Franklin,* in reply, for appellant.

The pleadings and testimony all show that Mrs. B. Looney had no interest in the subject-matter of the litigation and certainly did nothing that could be construed as ratification of her husband's acts in marking this cotton in her name so as to become responsible for the ginning charges thereon for the reason that the undisputed testimony is that she did not even know that that was done, never received a statement from the gin company and the first information she had that this cotton had been marked in her name was when she received summons when this suit was filed and was not a proper party to the suit. 2 Bishop on Married Women, 296.

The supreme court will not disturb the findings of the chancellor unless they are manifestly wrong. *Clifton* v. *Clark & Co.,* 84 Miss. 795; *Simmons* v. *Hutchinson,* 81 Miss. 251; *Morpe* v. *Howie,* 53 So. 402; *Boutwell* v. *Board of Supervisors, Jasper County,* 128 Miss. 307; *Fidelity & Casualty Co. of N. Y.* v. *Cross,* 131 Miss. 632; *Starnes* v. *Nation,* 97 So. 881; *Planters Gin Co.* v. *City of Greenville,* 103 So. 796; *Grace* v. *Pierce,* 127 Miss. 831.; *Etna Ins. Co.* v. *Robertson,* 94 So. 7.

The chancellor was correct in dismissing this suit as to this appellee and his decree ought to be affirmed.

ANDERSON, J., delivered the opinion of the court.

Appellant filed its bill in the chancery court of Sunflower county against appellees T. A. Looney, his wife, Mrs. B. Looney, the Ruleville Compress Company, a corporation under the laws of this state, J. J. Cowen, and W. R. Humphrey to enforce a ginner's lien, under section 3042, Code of 1906 (section 2400, Hemingway's Code), against four bales of cotton in the custody of appellee, the Ruleville Compress Company, for the payment of six hundred seventy-seven dollars and ninety-six cents, the ginning and wrapping charges due the appellant by appellee T. A. Looney for the ginning and wrapping of his 1924 cotton crop, part of which was the four bales in the custody of appellee the Ruleville Compress Company, and to recover a personal decree against appellee Mrs. B. Looney for such charges. There was a trial on bill, answers, and proofs, resulting in a final decree dismissing appellant's bill. From that decree appellant prosecutes this appeal.

The appellant was engaged in ginning and wrapping cotton for the public. Appellee T. A. Looney had his entire cotton crop for 1924 ginned and wrapped by appellant. Appellant did not require him to pay the charges therefor before the cotton was removed from the gin, but charged him with the amounts on its books, with a view of collecting same at the end of the ginning season. In the meantime, appellee T. A. Looney became insolvent, and was declared a bankrupt under the federal Bankruptcy Act (U. S. Comp. St., sections 9585-9656). By instructions from appellee T. A. Looney, all of his cotton, as ginned and baled by appellant, was turned over to appellee Ruleville Compress Company, where it was stored. As the cotton was delivered by appellant to the compress, the latter issued to appellant gin receipts showing the receipt of the cotton. These gin receipts were by appellant turned over to appellee T. A. Looney,

who, in turn, took them to the compress and got for the cotton negotiable warehouse receipts which were issued by the compress under the Negotiable Warehouse Act (chapter 218, Laws of 1920; Hemingway's Code Supplement of 1921, sections 7957a to 7957j2). These negotiable warehouse receipts were taken by appellee T. A. Looney (among them being the receipts for the four bales of cotton found in the custody of the Compress Company) and sold, two to appellee Humphrey and the balance to others not shown in the evidence in the case. There was no evidence in the case showing or tending to show that the holders of these negotiable warehouse receipts were not purchasers for value, without notice, that appellant's gin charges on the cotton had not been paid. On the contrary, the evidence was undisputed that appellee Humphrey was such a purchaser of the two bales of cotton which were found in the custody of the Compress Company. The object of the suit was to enforce a lien for six hundred seventy-seven dollars, and ninety-six cents, charges for ginning the entire crop, on the four bales of cotton found in the compress. It was also sought by appellant to recover judgment against appellee Mrs. B. Looney for the gin charges, on the theory that it was her cotton crop and not that of her husband. The court found for appellees on all questions involved.

Section 3042, Code of 1906 (section 2400, Hemingway's Code), gives to any employee or other person, who may aid by his labor in the making and preparing for market any crop, a lien thereon paramount to all other liens except that of the landlord. A ginner to whom cotton is delivered by the owner, who gins and bales it for market, has such a lien thereon, under the statute, for his charges. *Irwin* v. *Miller*, 72 Miss. 174, 16 So. 678. Appellant had such a lien on the cotton ginned and baled for appellee T. A. Looney. But such a lien may be waived by the course of dealing between parties thereto. *Patterson* v.

*Jones Mercantile Co.,* 117 Miss. 355, 78 So. 294. It has often been held by this court that a landlord's lien may be waived by a course of dealing between the landlord and tenant. It was held in *McGee* v. *Carver,* 141 Miss. 463, 106 So. 760, that where a landlord permitted his tenant, or share cropper, to store cotton raised on the leased premises on which he had a landlord's lien for rent in a warehouse and receive negotiable receipts therefor, running to the order of the tenant, a purchaser for value without notice of such receipts indorsed in blank by the tenant acquired the cotton free from the lien. To the same effect are the cases of *Seavey & Sons* v. *Godbold,* 99 Miss. 113, 54 So. 838; *Judd* v. *Delta Grocery & Cotton Co.,* 133 Miss. 866, 98 So. 243. It is true no express consent by appellant to waive its lien, is shown by the evidence, but the course of dealing between appellant and appellee T. A. Looney and appellee the Compress Company was such that no other inference could be drawn therefrom. The appellant took part in bringing about the very condition that resulted in the negotiable warehouse receipts being issued by the Compress Company for the cotton. As the cotton was ginned and baled, appellant delivered it to the Compress Company and took the necessary gin receipts therefor, turning same over to appellee T. A. Looney in order to enable the latter to go to the compress and surrender the gin receipts and get, in lieu thereof, negotiable warehouse receipts for the cotton. Appellant knew this was being done, and it knew that, in all probability, the purchasers of such negotiable warehouse receipts thought they were getting the cotton represented thereby free from any lien whatever. Under these conditions, appellant will not be heard to say it had not waived its ginner's lien.

There is little to be said with reference to the claim against appellee Mrs. B. Looney. The evidence shows without conflict that the cotton was not hers, but her husband's. It is true her husband, T. A. Looney, had

ginned and baled by appellant this cotton in the name of his wife, Mrs. B. Looney, but the evidence shows, without dispute, that the latter knew nothing whatever of that having been done; that she had no part in it, and had no interest whatever in the cotton except such as a wife has in the affairs of her husband. So, clearly, it seems that appellant was not entitled to recover the ginning charges from appellee Mrs. B. Looney on the ground alone that her husband, without her knowledge and consent, had his cotton ginned in her name.

*Affirmed.*