BRELAND *v*. STATE.

No. 39482          January 24, 1955          77 So. 2d 300

*Joseph H. Stevens, Ben Stevens,* Hattiesburg; *Ben Walley,* Leakesville, for appellant.

*Wm. E. Cresswell,* Asst. Atty. Gen., Jackson, for appellee.

LEE, J.

This is an appeal by Don Breland from a conviction, in the Circuit Court of Greene County, of the offense of obtaining money under false pretenses, with a sentence of eighteen months in the State Penitentiary.

The indictment is based on Sec. 2151, Code of 1942, and, in effect, charged Don Breland with selling to Eurie F. Breland twenty acres of land, as described therein, on which Don knew that there was a valid and existing lien held by the U. S. Internal Revenue Department of the United States of America, without informing Eurie of the exact state of the property, as affected by the lien, and that he thereby obtained from Eurie $500 under false pretenses.

About February 21, 1952, Eurie F. Breland and Don Breland entered into negotiations with respect to the purchase and sale of the twenty acres of land, which was owned by Don and his wife, Mrs. Elsie Breland. The sellers represented that the title was clear and that there was nothing against the land, except a deed of trust to the Bank of Richton in the sum of $200. A certain friend told Eurie that Don had been mixed up in the liquor business, and had been convicted of selling untax-paid liquor. For that reason, he went to the Federal Court Building at Hattiesburg, Mississippi, twice and made inquiry thereon; but the result of such inquiry does not appear in the record. At any rate, he engaged the services of an attorney at Leakesville, the county seat, who prepared a certificate of title and gave an opinion thereon prior to the execution of the deed and the payment of the consideration.

The negotiations were finally concluded, and on March 4, 1952, Don and his wife executed a deed to Eurie, who, in turn paid the consideration of $1,800 by two checks,

one to the Bank of Richton for $200, and the other to the grantors for $1,600. About six months later, Eurie learned that there was in fact a Federal tax lien against Don, in the amount of $1,286.10, which had been of record in the Office of the Chancery Clerk of Greene County in the Federal Index Lien Book No. 1, since October 3, 1950, and that the same had not been satisfied. Subsequently, the Federal Government attached the twenty acres, and, on August 10, 1953, sold it for the enforcement of the lien. At the sale, Eurie became the purchaser for the sum of $655.

There was no proof that Don knew about this lien other than what he might have gained from constructive notice by reason of the record. Such notice was equally available to Eurie. While the court refused, on objection by the State, to permit the introduction of the attorney's opinion, it is obvious that the attorney did not find the record of the lien inasmuch as Eurie testified that he would not have paid the consideration, if he had known of the lien. Now, if one skilled in the law and adept at examining records in reference to land titles could not, or did not, find this lien of record, it could hardly be expected that an ordinary man would be able to do so, and thus be deemed to have knowledge of it.

One of the material elements of this offense is knowledge on the part of the seller. Sec. 2151, Code of 1942; King v. State, 124 Miss. 477, 86 So. 874; Overall v. State, 128 Miss. 59, 90 So. 484; 35 C. J. S. False Pretenses, Sec. 6, p. 644.

Eurie knew about the indebtedness to the Bank of Richton. He admitted that Don told him about this. Besides, he paid the amount of that indebtedness, $200, direct to the bank.

Moreover, Eurie testified positively and categorically, that although Don said that there was nothing against

the land, he did not rely on what Don said, but that he employed an attorney, and relied on what the attorney told him.

■■■ Another material element of this offense is that the false representation must have been relied on by the party defrauded. 22 Am. Jur. False Pretenses, Sec. 4, p. 448 and Sec. 26, p. 458; 35 C. J. S., supra.

■■■ The State's proof failed to sustain the charge in the indictment. The defendant's requested peremptory instruction should have been given. Consequently it follows that this cause must be reversed and the appellant discharged.

Reversed and appellant discharged.

*Roberds, P. J.,* and *Hall, Holmes* and *Ethridge, JJ.,* concur.