326 So.2d 469 (1976)
Mannie HUGHES, Jr. and Bertha Travis
v.
STATE of Mississippi.
No. 48877.
Supreme Court of Mississippi.
February 3, 1976.
*470 Elliott E. Schlottman, William M. "Mac" Sigler, Hattiesburg, for appellants.
A.F. Summer, Atty. Gen., by Ben H. Walley, Asst. Atty. Gen., Jackson, for appellee.
Before GILLESPIE, WALKER and BROOM, JJ.
GILLESPIE, Chief Justice:
Mannie Hughes and Bertha Travis were jointly indicted, tried and convicted in the Circuit Court of Forrest County of the crime of obtaining money under false pretenses, and sentenced to a term of three years in the penitentiary, fined $1,185, and placed on probation.
The issue is whether Officer Faulkner relied upon the representations by Hughes that a certain oil would cure his arthritis.
The district attorney requested Chief Deputy Joe Hopstein of the Forrest County Sheriff's Office to investigate complaints concerning defendant Hughes, senior bishop, and Bertha Travis, secretary, respectively of the Light of the World Temple. Hopstein and another deputy, Joseph Faulkner, went to the Holiday Inn where the defendants were occupying two rooms. Deputy Faulkner went to the rooms occupied by the defendants and knocked on the door. He was admitted by defendant Travis and paid a $20 fee in order to be able to see defendant Hughes. This $20 was part of $50 given to Faulkner out of the sheriff's petty cash fund. After being admitted to Hughes' room, Faulkner told Hughes that he was a long distance truck driver suffering from arthritis. After a rather lengthy conversation between Faulkner and Hughes, Hughes represented that he could heal Faulkner and otherwise help him with his problems upon the payment of $375. Faulkner left the room and borrowed $350 from the manager of the motel. Faulkner then went back to Hughes' room, paid him the money, and Hughes gave him a bottle of oil with instructions to rub down with it. Hughes also told him that it would cure his arthritis and would "undress" his truck. Faulkner then left the room and came back in a few minutes and arrested the defendants and charged them with obtaining money by false pretenses.
Examination of the oil showed that it was hydrocarbons with 76% Ethyl alcohol.
The indictment was under the general false pretense statute, Mississippi Code Annotated section 97-19-39 (1972).
The State concedes that Neece v. State, 210 So.2d 657 (Miss. 1968), precludes *471 a conviction for obtaining money by false pretenses unless there is a showing (1) that the pretenses were false, (2) that the defendant knew them to be false, and (3) that the pretenses were the moving cause by which the money was obtained. The third element, set out above, was explained and amplified in Breland v. State, 222 Miss. 792, 77 So.2d 300 (1955), where the Court said "[A] material element of this offense [obtaining money by false pretenses] is that the false representation must have been relied on by the party defrauded." 77 So.2d at 301.
The evidence is clear that Deputy Faulkner did not rely upon the representations by Hughes that the oil would cure his arthritis. Deputy Faulkner, as well as Chief Deputy Hopstein, voluntarily paid the money to Hughes without relying upon the representations that the oil could cure Faulkner's arthritis or "undress" his truck.
The defendants may be guilty of some crime, but not of obtaining money under false pretenses. It was error for the court to overrule the motion to discharge the defendants at the close of the case.
Reversed and defendants discharged.
RODGERS, P.J., and PATTERSON, INZER, SMITH, ROBERTSON, SUGG, WALKER and BROOM, JJ., concur.
SUGG, Justice (specially concurring):
I concur in the holding that defendants are not guilty of obtaining money under false pretense, but am of the opinion that the defendants should not be discharged but held under bail to await the action of the grand jury for practicing as physicians without a license under Mississippi Code Annotated section 97-23-43 (1972).